UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05CV1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 23, 2005 |

**BRIEF IN OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT**

Motions for a more definite statement under Rule 12(e) are not favored and are rarely granted. <u>Eisenach v. Miller-Dwan Medical Center</u>, 162 F.R.D. 346 (D.Minn. 1995); <u>Guste v. Shell Oil Company</u>, 161 F.R.D. 329, 330 (E.D. La. 1995); <u>Frazier v. Septa</u>, 868 F.Supp. 757, 763 (E.D. Pa. 1994).  A motion for a more definite statement is never appropriate when the defendant is capable of framing a response without one. <u>Doe v. Marshall</u>, 882 F.Supp. 1504, 1506 (E.D. Pa. 1995); <u>Blizzard v. Dalton</u>, 876 F.Supp. 95, 100 (E.D. Va. 1995); <u>RTC v. Gershman</u>, 829 F.Supp. 1095, 1103 (E.D. Mo. 1993).

The defendant's motion for more definite statement in the present case is even less meritorious than most.  Indeed, it is in some of its parts almost ludicrous.  For example, the defendant asks the plaintiff to state the name of the Dean of its Drama School.  As though it doesn't know.  The plaintiff has made an allegation about highly inappropriate sexual harassment by the Dean.  One might have thought simple good

1

taste would have made the defendant glad the plaintiff elected not to use his name in a public document disclosing his misconduct.

What the defendant does not mention in its motion and supporting memorandum is that the factual details of this case were extensively investigated by a faculty committee as part of the plaintiff's obligation to exhaust her internal administrative remedies. The defendant knows every detail it seeks to have incorporated into the complaint. Indeed, most of those details are explicitly delineated in the faculty report generated at the end of that investigation. Were that not enough, the plaintiff also filed a complaint with the Connecticut Commission on Human Rights and Opportunities, which found reasonable cause to believe that the plaintiff had indeed been the victim of sex discrimination at the School of Drama and has conducted several days of evidentiary hearings regarding this matter. At those hearings, the defendant was represented by counsel and the Dean himself personally attended.

For the defendant now to claim that "it is impossible for defense counsel to frame an answer to the complaint" without discovery of the facts set forth in its request for a more definite statement, is disingenuous in the extreme and may actually cross the boundary into the terrain of deliberate misrepresentation to the court.

A complaint, even in a civil rights action, need contain nothing more than a short and plain statement of the claim. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002). The complaint in this case does far more than that.

The motion for more definite statement must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Patrick M. Noonan, Esq., Donahue, Durham & Noonan, P.C., 741 Boston Post Road, Guilford, CT 06437.

_____
JOHN R. WILLIAMS