UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05CV1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 26, 2005 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, undersigned counsel for the parties conferred on September 26, 2005.  The participants were **John R. Williams** for the plaintiff; and **Patrick M. Noonan** for the defendant.

I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

II. JURISDICTION

    A. SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code and diversity jurisdiction, the parties being residents of different states and the amount allegedly in dispute being in excess of $75,000.

    B. PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III. BRIEF DESCRIPTION OF CASE

    A. CLAIMS OF PLAINTIFF:

The plaintiff is an adult female resident of the State of Massachusetts. At the time of the events herein described, she was forty-nine (49) years of age, had studied at the Harvard Divinity School, and had extensive experience in the professional theatre. The defendant is a private university chartered by the State of Connecticut and doing business in the City of New Haven. It is the recipient of federal funds. The plaintiff enrolled as a graduate student in the Directing Department at the Yale School of Drama at Yale University in September of 2002. Shortly after matriculating at the Drama School, the plaintiff was warned by a female member of the faculty of Yale University to "keep [her] distance" from a certain male graduate student at the Drama School, whom the faculty member described as a "psychotic" and potentially dangerous man who had been "stalking" another female student. The plaintiff thereupon contacted

2

the Interim Chair of the Directing Department to convey her concerns about the information delineated in Paragraph 6.  In response, the Interim Chair contacted the plaintiff on September 18, 2002, shouting at the plaintiff: "I'm really pissed off at you for reporting this to me!"  The Interim Chair accused the plaintiff of being "coy and provocative" and referred to the male graduate student as a "fucker" who "is a recovering alcoholic, so he's going to have issues."  The Interim Chair concluded her tirade by suggesting that if the plaintiff was concerned about the male graduate student she should seek psychiatric help and stated: "Aw, come on, Sally, you're a strong woman, you can handle this guy."  On September 21, 2002, the plaintiff was participating in a special workshop in collaborative process which all first-year acting, directing and dramaturgy students were required to attend for the express purpose of learning the skills necessary for collaborative composition in a project based on Homer's "Odyssey".  The project, by agreement among faculty and students, was entitled "Metamorphoses Revisited."  The plaintiff was onstage for that project when the instructor, Frank Diehl, announced that he had changed the title to  "Metamorphoses Revisited Or Rock Out With Your Cock Out" and instructed the male actors to simulate masturbation while standing next to the plaintiff.  This simulation actually occurred, to the plaintiff's great and obvious humiliation and distress, whereupon the instructor called out: "That was great!  Now this time do it again, only really come!"  As the male actor closest to the plaintiff began to simulate orgasm, the plaintiff fled the stage as another male student attempted to physically restrain her.  Later that day, the plaintiff

3

formally complained to the Chair of the Acting Department about these events, stating that she was "deeply offended" by the abuse to which she had been subjected and that there could not possibly be any pedagogical justification or artistic value in these activities. Four days later, on September 25, 2002, the Interim Chair of the Directing Department telephoned the plaintiff and informed her that she would be required to attend a meeting on September 27. At the meeting on September 27, 2002, the plaintiff was berated and placed "on warning" as a preliminary to dismissal from the Drama School. The plaintiff was specifically told that she was being placed "on warning" for three events: (1) having complained during the admission process about perceived sexual discrimination in the financial assistance program; (2) having reported her concerns about the male graduate student; and (3) having complained about the "Rock Out With Your Cock Out" incident. A male faculty member present at that meeting further stated to the plaintiff: "Sally, I am legally bound to tell you that if you withdraw by Monday, you can receive two-thirds of your tuition money back." Thereafter, for the duration of the academic year, the plaintiff was subjected to a pattern of disparate treatment in comparison to the males in her class and was subjected to an atmosphere of "macho" and "frat house" behavior by students and faculty. On one occasion, the Dean of the Drama School kissed her. All of this behavior was unfair, discriminatory, uninvited, unwelcome and highly inappropriate. On May 15, 2003, the plaintiff was dismissed from the University despite having done work obviously superior to that of the male students in the program, none of whom was

dismissed.  The plaintiff thereafter pursued her administrative remedies within Yale University, all of which were rejected by the defendant.  In the manner described above, the defendant has, on the basis of the plaintiff's sex, excluded her from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.  The actions of the defendant described above were extreme and outrageous and were carried out with the knowledge that they were likely to cause the plaintiff to suffer emotional distress in violation of Connecticut law.  As a direct and proximate result of the acts and omissions of the defendant described above, the plaintiff has suffered economic loss and severe emotional distress.

### B.  DEFENSES AND CLAIMS:

The defendant has filed a Motion for More Specific Statement, and will file an answer when that motion has been resolved.  The defendant denies plaintiff's claims of discrimination and intentional infliction of emotional distress.

### IV.  STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

Plaintiff was a student at the defendant's Drama School from September, 2002 until she was dismissed in May, 2003.

V.  CASE MANAGEMENT PLAN:

    A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

    B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.  EARLY SETTLEMENT CONFERENCE

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a United States Magistrate Judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    E.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.  Defendant should be allowed until October 28, 2005, to file a response to the complaint.

F.  DISCOVERY

1.  The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, damages.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)94), will be commenced immediately, and completed by July 1, 2006.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of three depositions of fact witnesses and the defendant will require a total of five depositions of fact witnesses.  The depositions will commence immediately, and be completed by March 1, 2006.

5.  The parties may request permission to serve more than twenty-five interrogatories.  Defendant reserves its right to object.

6.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2006, a date not later than three months before the deadline for completing all discovery.  Depositions of any such experts will be completed by May 1, 2006, a date not later than two months before the deadline for completing all discovery.

7.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2006,

a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by August 1, 2006, a date not later than the discovery cutoff date.

      8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by February 1, 2006.

      G.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before September 1, 2006.

      H.  JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 1, 2006, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

      IV.  TRIAL READINESS

      The case will be ready for trial by October 1, 2006, or thirty days after the joint trial memorandum is filed, whichever is later.

      As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF


BY:_____
       JOHN R. WILLIAMS (ct00215)
       51 Elm Street
       New Haven, CT 06510
       203.562.9931
       Fax: 203.776.9494
       E-Mail: jrw@johnrwilliams.com
       Her Attorney


THE DEFENDANT


BY:_____
       PATRICK M. NOONAN
       Donahue, Durham & Noonan, P.C.
       741 Boston Post Road
       Guilford, CT 06437
       203.458.9168
       Fax: 203.458.4424
       E-Mail: patnoonan@snet.net
       Its Attorney