UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 DEC 27  P 3: 25

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | CIVIL NO. 3:05CV01429 (AHN) |
| Plaintiff | : | |
| V | : | |
| YALE UNIVERSITY | : | |
| Defendant | : | DECEMBER 27, 2005 |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

On November 22, 2005, the defendant, Yale University ("Yale"), moved to dismiss the plaintiff's cause of action for intentional infliction of emotional distress pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). The plaintiff filed a brief in opposition on November 12, 2005. Yale hereby submits this brief in reply. The plaintiff's cause of action for intentional infliction of emotional distress, which was brought pursuant to this Court's supplemental jurisdiction, should be dismissed because it does not arise out of a nucleus of operative facts common to the plaintiff's sole federal claim. Furthermore, the plaintiff's intentional infliction of emotional distress claim should be dismissed because she has not alleged extreme and outrageous conduct by the defendant, nor has she alleged emotional distress that can be considered severe.

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAUSE OF ACTION.**

In defendant's initial brief, defendant argued that the Court should decline to exercise supplemental jurisdiction over the state law claim, citing numerous federal cases in support.

Plaintiff's response does not dispute the validity of this argument, nor has plaintiff attempted to distinguish the cases cited. Rather, plaintiff's response is premised on the sole claim that the defendant's argument on this point is "simply irrelevant" because, according to plaintiff, the complaint has "asserted jurisdiction of the state claim under 28 U.S.C. §1332." Plaintiff's Brief in Opposition at p.3. In fact, the plaintiff's complaint makes no reference to 28 U.S.C. § 1332. Rather, the complaint states: "Jurisdiction of this Court is invoked under the provisions of §1331, 1343(3) and 1367(a) of Title 28 of the United States Code ..." (Complaint, dated September 12, 2005, ¶ 2.) The statutes referenced by the plaintiff address the district courts' federal question jurisdiction, civil rights jurisdiction and supplemental jurisdiction. None of the statutes referenced confer diversity jurisdiction. Thus, the only basis for jurisdiction over the plaintiff's state law claim of intentional infliction of emotional distress is 228 U.S.C. §1367(a), the supplemental jurisdiction statute. Since plaintiff's sole response to defendant's motion to dismiss pursuant to Fed. R. Civ. P12(b)(1) is factually inaccurate, the motion should be granted.

## II. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTION DISTRESS CLAIM FAILS AS A MATTER OF LAW.

The plaintiff fails to recognize in her brief that Connecticut courts have repeatedly recognized that it is proper to dispose of an intentional infliction of emotional distress claim on the pleadings where the allegations do not satisfy the elements of such a claim. See Appleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000) ("Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. ... Only where reasonable minds [may] disagree does it become an issue for the

jury."); Bell v. Board of Education, 55 Conn. App. 400, 409, 410 (1999) ("Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy ... these elements is a question, in the first instance for [the] court."); Restatement (Second) of Torts, § 46, Comment (h). Rather, the plaintiff inappropriately cites boilerplate summary judgment standards. It is not necessary to determine if a genuine issue of material fact exists as to whether the defendant's conduct was extreme and outrageous, or whether the plaintiff suffered severe emotional distress. The issue at this stage is whether the allegations of the complaint are sufficient to reach such conclusions. An examination of the complaint reveals that they are not. Plaintiff's complaint with respect to the character of the conduct alleged is deficient in two respects: (1) there is no allegation that an agent of the defendant engaged in that conduct; and (2) the allegation that actors in a drama class simulated masturbation while fully clothed cannot be said to be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[1] Accordingly, defendant's motion to dismiss the intentional infliction of emotional distress claim should be granted.

The plaintiff has cited a number of cases to support her argument that it should be left to a jury to determine whether the defendant's conduct was extreme and outrageous. These cases, however, are unpersuasive as they involve conduct considerably more egregious than that alleged in the present case. Two such cases cited by the plaintiff are Berry v. Loiseau, 223 Conn. 786, 614

---

[1] In this regard, the Court can take judicial notice that the popular movie When Harry Met Sally, which includes a scene in which the actress Meg Ryan simulates orgasm in a diner, is regularly shown on prime time television. Since that type of production is tolerated in a "civilized community," the conduct alleged in the present case cannot be found to constitute "extreme and outrageous" conduct as that term has been defined by the Connecticut Supreme Court.

A.2d 414 (1992), and <u>Bell v. Board of Education</u>, <u>supra</u>, 55 Conn. App. 400. In <u>Berry</u>, the plaintiff "was subjected to repeated physical abuse by [the vice president of the defendant company], including being punched and choked." <u>Id</u>. at 793. <u>Bell</u> also involved violent conduct by the defendant, which conduct was directed at school children. The plaintiffs in <u>Bell</u> alleged that the defendants "encouraged, created and tolerated an atmosphere of chaos, disruptiveness and violence" and that "their children were exposed to physical and verbal violence and that the school became a place of fear where learning could not and did not take place." (Emphasis omitted; internal quotation marks omitted.) <u>Id</u>. at 410-411. In reaching its decision, the court in <u>Bell</u> also relied on the fact that children are "peculiarly susceptible to violence." <u>Id</u>. at 412. <u>Berry</u> and <u>Bell</u> provide no guidance for the present case as the plaintiff has not alleged the she was subjected to physical abuse.

The plaintiff has cited several other cases involving conduct that is threatening, violent, abusive and potentially criminal. See <u>McKelvie v. Cooper</u>, 190 F.3d 58 (2d. Cir. 1999); <u>Moss v. East Haven</u>, No. CV 97 0407351, 2001 WL 1002684 (Conn. Super. Ct. August 8, 2001) (Fracasse, J.); <u>Johnson v. Teamsters Local 559</u>, 102 F.3d 21 (1st Cir. 1996); <u>Anderson v. Drapp</u>, 35 Conn. L. Rptr. 415, 2003 WL 22205645 (Conn. Super. Ct. September 5, 2003) (Doherty, J.); <u>Stack v. Jaffee</u>, 248 F. Supp. 2d 100 (D. Conn. 2003); <u>Pantaleo v. Ravski</u>, 19 Conn. L. Rptr. 28, 1997 WL 94013 (Conn. Super. Ct. February 14, 1997) (Silbert, J.); <u>Chain v. Biddle</u>, 24 Conn. L. Rptr. 2001, 1999 WL 179623 (Conn. Super. Ct. March 10, 1999) (Licari, J.). The plaintiff has also cited cases involving humiliating and degrading conduct that is far more extreme than what has been alleged presently. See <u>Mellaly v. Eastman Kodak, Co.</u>, 42 Conn. Supp. 17 (1991); <u>Gilman v. Gilman</u>, 46 Conn. Supp. 21 (1999); <u>Nance v. M.D. Health Plan, Inc.</u>, 47 F.Supp. 2d 276 (D. Conn. 1999); <u>Caesar</u>

4

v. Hartford Hospital, 46 F. Supp. 2d 174 (D. Conn. 1999); Kennedy v. Coca Cola Bottling Co. of New York, 170 F. Supp. 2d 294 (D. Conn. 2001); Desardouin v. United Parcel Service, Inc., 285 F. Supp. 2d 153 (D. Conn. 2003); Grossman v. Computer Curriculum Corp., 131 F.Supp. 2d 299 (D. Conn. 2000); Nelson v. Yale University, 39 Conn. L. Rptr. 69, 2005 WL 1089168 (Conn. Super. Ct. April 5, 2005) (Blue, J.); Johnson v. Martin, No. CV 96 0557415, 1996 WL 383351 (Conn. Super. Ct. June 11, 1996) (Sheldon, J.); Chain v. Biddle, 24 Conn. L. Rptr. 2001, 1999 WL 179623 (Conn. Super. Ct. March 10, 1999) (Licari, J.).

It should be noted that the majority of the case law cited by the plaintiff comes from the superior courts and therefore is not binding upon this Court. Furthermore, many of the cases cited by the plaintiff predate more recent pronouncements by the Connecticut Supreme and Appellate Courts on the issue of intentional infliction of emotional distress, such as Appleton v. Board of Education, supra, 254 Conn. 205 (holding that defendant was entitled to summary judgment on intentional infliction of emotional distress claim, where plaintiff claimed that she was subjected to condescending comments by the school principal in front of co-workers, questioning her vision and ability to read; her daughter was telephoned by the principal telling her that the plaintiff had been acting differently and should take some time off from work; the police were called to escort her out of the building; she had been subjected to two psychiatric examinations at the request of the school board; she was forced to take a suspension and leave of absence; and she was ultimately forced to resign).

In the present case the plaintiff merely alleges that she participated in a drama exercise in which students simulated masturbation. The remainder of the plaintiff's allegations do not concern conduct, but rather improper motive on the part of the defendant. Improper motive cannot perform the basis of an intentional infliction of emotional distress claim. See Dobrich v. General Dynamics Corp., 40 F. Supp. 2d 90, 105 (D. Conn. 1999). While the plaintiff may have found participation in the drama exercise to be embarrassing or offensive, it is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Carrol v. Allstate Insurance Co., 262 Conn. 433, 443 (2003). The plaintiff, a drama student, was simply taking part in a class exercise, and was not, as in the cases cited by plaintiff, subjected to the type of threatening, violent, humiliating conduct that cannot be tolerated in a civilized society. Furthermore, it must be kept in mind that the conduct alleged was conduct of fellow students of the plaintiff; it is not alleged that these students were agents of the defendant.

It is also telling that the plaintiff has not attempted to respond to the defendant's argument that she has not alleged facts from which it could be concluded that she suffered "mental distress so severe that no reasonable person could be expected to endure it." Mellaly, supra, 42 Conn. Supp. App. 21, citing 1 Restatement (Second) Torts, § 46, Comment (j). It is insufficient for the plaintiff to provide conclusory allegations of emotional distress. The plaintiff must offer specific factual allegations which would support the conclusion that the plaintiff's emotional distress was severe. MacDonald v. Howard, 28 Conn. L. Rptr. 373 (Conn. Super. Ct. October 17, 2000) (Mintz, J.). The plaintiff in the present case, however, merely alleges that "[a]s a direct and proximate result of the

acts and omissions of the defendant described above, the plaintiff has suffered ... severe emotional distress." (Complaint, ¶ 17.) Even if there were no other ground for dismissing the plaintiff's state law claim, the fact that plaintiff has failed to respond to defendant's argument that she has not alleged facts from which it could be concluded that she suffered emotional distress "so severe that no reasonable person could be expected to endure it" is, in and of itself, sufficient reason to grant defendant's motion to dismiss.

### III. CONCLUSION

For the reasons stated herein, as well as in the defendant's Memorandum of Law in Support of its Motion to Dismiss, the motion to dismiss plaintiff's claim for intentional infliction of emotional distress should be dismissed.

> THE DEFENDANT
> YALE UNIVERSITY SCHOOL OF
> MEDICINE
>
> By: _____
> Patrick M. Noonan (ct00189)
> Donahue, Durham & Noonan, P.C.
> 741 Boston Post Road
> Guilford, CT 06437
> (203) 458-9168

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

John R. Williams, Esquire
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Patrick M. Noonan