UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05CV1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | FEBRUARY 3, 2006 |

## A M E N D E D   C O M P L A I N T

    1. This is an action by a female student against a private university which is the recipient of federal funds, for tolerating and encouraging a pattern of sexual misconduct directed against her by male faculty and students and for retaliating against her when she complained about it.

    2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1332, 1343(3) and 1367(a) of Title 28 of the United States Code and this court's supplementary and diversity jurisdiction over the plaintiff's causes of action under state law. The amount at issue, exclusive of interest and costs, is greater than $75,000.

    3. The plaintiff is an adult female resident of the State of Massachusetts. At the time of the events herein described, she was forty-nine (49) years of age, had studied at the Harvard Divinity School, and had extensive experience in the professional theatre.

    4. The defendant is a private university chartered by the State of Connecticut and doing business in the City of New Haven. It is the recipient of federal funds.

5. The plaintiff enrolled as a graduate student in the Directing Department at the Yale School of Drama at Yale University in September of 2002.

6. Shortly after matriculating at the Drama School, the plaintiff was warned by a female member of the faculty of Yale University to "keep [her] distance" from a certain male graduate student at the Drama School, whom the faculty member described as a "psychotic" and potentially dangerous man who had been "stalking" another female student.

7. The plaintiff thereupon contacted the Interim Chair of the Directing Department to convey her concerns about the information delineated in Paragraph 6. In response, the Interim Chair contacted the plaintiff on September 18, 2002, shouting at the plaintiff: "I'm really pissed off at you for reporting this to me!" The Interim Chair accused the plaintiff of being "coy and provocative" and referred to the male graduate student as a "fucker" who "is a recovering alcoholic, so he's going to have issues." The Interim Chair concluded her tirade by suggesting that if the plaintiff was concerned about the male graduate student she should seek psychiatric help and stated: "Aw, come on, Sally, you're a strong woman, you can handle this guy."

8. On September 21, 2002, the plaintiff was participating in a special workshop in collaborative process which all first-year acting, directing and dramaturgy students were required to attend for the express purpose of learning the skills necessary for collaborative composition in a project based on Homer's "Odyssey". The project, by agreement among faculty and students, was entitled "Metamorphoses Revisited." The plaintiff was onstage for that project when the

instructor, Frank Diehl, announced that he had changed the title to "Metamorphoses Revisited Or Rock Out With Your Cock Out" and instructed the male actors to simulate masturbation while standing next to the plaintiff.  This simulation actually occurred, to the plaintiff's great and obvious humiliation and distress, whereupon the instructor called out: "That was great!  Now this time do it again, only really come!"  As the male actor closest to the plaintiff began to simulate orgasm, the plaintiff fled the stage as another male student attempted to physically restrain her.

9.  Later that day, the plaintiff formally complained to the Chair of the Acting Department about these events, stating that she was "deeply offended" by the abuse to which she had been subjected and that there could not possibly be any pedagogical justification or artistic value in these activities.

10.  Four days later, on September 25, 2002, the Interim Chair of the Directing Department telephoned the plaintiff and informed her that she would be required to attend a meeting on September 27.

11.  At the meeting on September 27, 2002, the plaintiff was berated and placed "on warning" as a preliminary to dismissal from the Drama School.  The plaintiff was specifically told that she was being placed "on warning" for three events: (1) having complained during the admission process about perceived sexual discrimination in the financial assistance program; (2) having reported her concerns about the male graduate student; and (3) having complained about the "Rock Out With Your Cock Out" incident.  A male faculty member present at that meeting

further stated to the plaintiff: "Sally, I am legally bound to tell you that if you withdraw by Monday, you can receive two-thirds of your tuition money back."

12.  Thereafter, for the duration of the academic year, the plaintiff was subjected to a pattern of disparate treatment in comparison to the males in her class and was subjected to an atmosphere of "macho" and "frat house" behavior by students and faculty.  On one occasion, the Dean of the Drama School kissed her.  All of this behavior was unfair, discriminatory, uninvited, unwelcome and highly inappropriate.

13.  On May 15, 2003, the plaintiff was dismissed from the University despite having done work obviously superior to that of the male students in the program, none of whom was dismissed.

14.  The plaintiff thereafter pursued her administrative remedies within Yale University, all of which were rejected by the defendant.

15.  In the manner described above, the defendant has, on the basis of the plaintiff's sex, excluded her from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 - 1688 of Title 20 of the United States Code.

16.  The actions of the defendant described above were extreme and outrageous and were carried out with the knowledge that they were likely to cause the plaintiff to suffer emotional distress in violation of Connecticut law.

17. As a direct and proximate result of the acts and omissions of the defendant described above, the plaintiff has suffered economic loss and severe emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages in an amount greater than seventy-five thousand dollars ($75,000), punitive damages, attorney fees and costs.

*The plaintiff claims trial by jury.*

                    THE PLAINTIFF

BY:_____
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street
      New Haven, CT 06510
      TELEPHONE: 203.562.9931
      FAX: 203.776.9494
      E-MAIL: jrw@johnrwilliams.com
      Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Patrick M. Noonan, Esq., Donahue, Durham & Noonan, P.C., 741 Boston Post Road, Guilford, CT 06437.

_____
JOHN R. WILLIAMS