UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | | 3:05 CV 01429 (AHN) |
| vs. | : | |
| YALE UNIVERSITY | : | |
| Defendant | : | AUGUST 8, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF JUDGMENT OF DISMISSAL**

**I.   FACTUAL BACKGROUND**

The plaintiff in the present action was a graduate student in the Directing Department at the Yale University School of Drama who was dismissed after the first year due to poor performance. The plaintiff now claims both age and gender discrimination.[1] From the beginning of her first semester in September of 2002 the plaintiff proved to be a poor student and was therefore placed on probation. Specifically, the plaintiff demonstrated a complete inability to engage in the collaborative process that is required in the drama program. The plays directed by the plaintiff as part of her first year coursework were of extremely poor quality because of her

---

[1] These claims will be difficult to prove at trial, in light of the fact that the Yale faculty knew plaintiff's age and gender when she was accepted into the program. Furthermore, the courts have acknowledged that great deference must be given to educational institutions on matters involving evaluation of academic performance. See Gupta v. New Britain General Hospital, 239 Conn. 574, 687 A.2d 111 (1996); Faigel v. Fairfield University, 75 Conn. App. 37, 815 A.2d 140 (2003); Soderbloom v. Yale University, 5 Conn. L. Rptr. 513 (Conn.Super. February 3, 1992); Chira v. Columbia University, 289 F. Supp. 2d 477, 486 (S.D.N.Y. 2003); Babiker v. Ross University School of Medicine, 2000 WL 666342, at *6 (S.D.N.Y. 2000).

inability to communicate and work with the actors, stage managers, playwrights and others in a collaborative manner. The plaintiff worked so poorly with the other students that they asked to be assigned to other directors. The plaintiff was also extremely confrontational with both fellow students and faculty. While on probation, the plaintiff was observed closely by the Chair of the Directing Department, Elizabeth Diamond, who is female and similar in age to the plaintiff. James Bundy, the Dean of the School of Drama, also had ample opportunity to observe the plaintiff's performance. He attended the plaintiff's rehearsals in the Collaborative Work Project, taught plaintiff in the classroom, and allowed her to work with him as his assistant director on one play. He concluded that the plaintiff's communication with actors was entirely negative, leaving actors "feeling beaten down." Both he and Ms. Diamond concluded that the plaintiff would not be able to succeed in the second year of the program, when she would have been required to lead even larger collaborative efforts. Following her second semester, Ms. Diamond recommended that the plaintiff be dismissed from the program. This recommendation was approved unanimously by the faculty of the Yale University School of Drama.[2]

The plaintiff has been uncooperative throughout the discovery process. Pursuant to the parties' Fed. R. Civ. P. 26(f) Report, discovery in this case was to have been completed by September 1, 2006. The plaintiff's intransigence made compliance with this date impossible. The defendant first served interrogatories and requests for production on the plaintiff on October 14, 2005, consisting of only 11 interrogatories. (See Exhibit A, Plaintiff's Responses to

---

[2] The decision to place the plaintiff on probation was communicated at an early date, in order to allow the plaintiff to withdraw before incurring any charges for tuition, in the event that she felt she could not remedy the deficiencies which were noted in her performance.

Defendant's October 14, 2005 Interrogatories and Requests for Production.)  The plaintiff provided incomplete and unresponsive answers to interrogatories 3, 4, 5, 6, 7, 10 and 11. Specifically, the plaintiff did not provide the requested information regarding her economic and non-economic damages, her claim for attorney's fees, and her claim for physical, emotional and mental distress damages.  The plaintiff also failed to provide the defendant with copies of the documents requested.  The defendant served a second set of interrogatories and requests for production, dated June 13, 2006.  (See Exhibit B, Defendant's June 13, 2006 Second Set of Discovery Requests.)   To date, plaintiff has not provided any response whatsoever to these discovery requests, despite the fact that they were filed more than a year ago.

    The plaintiff has been even more uncooperative with respect to her deposition and has failed to comply with the March 13, 2007 Order of this Court.  By notice dated October 14, 2005, the plaintiff was first scheduled to be deposed on December 19, 2005.  The deposition did not go forward on that date and had to be noticed a total of six times before her deposition was finally begun on May 24, 2006.  The plaintiff's deposition was not completed on that date as the plaintiff refused to answer questions about treatment she received from mental healthcare professionals, despite the fact that she seeks damages for emotional distress in this action.[3]  The second session of the plaintiff's deposition has been noticed ten times, the first for a deposition to be held on June 23, 2006, and the most recent for a deposition to be held on July 20, 2007.  It

---

[3] Katrena Engstrom, an attorney with plaintiff's counsel's office, was present with the plaintiff at this deposition, and counselled plaintiff that she should provide that information in view of the claim for emotional distress.  However, the plaintiff insisted that she speak with Attorney John Williams before answering questions regarding treatment she received from emotional health care professionals, and he could not be reached at that time.  The plaintiff still has not provided information regarding plaintiff's treatment for emotional distress.

should be noted that pursuant to the Parties' Fed. R. Civ. P. 26(f) Report, depositions of fact witnesses were to have been completed by March 1, 2006. The plaintiff filed a motion, with the consent of the defendant, seeking an amendment of the scheduling order on the ground that the plaintiff had been involved in a motor vehicle accident and as a result would be unable to complete her deposition "until approximately the middle of June [2007]." (See Plaintiff's Consent Motion for Continuance of Pretrial Conference and for Amendment of Scheduling Order, dated March 10, 2007.) This motion was granted by the Court (Nevas, J.) on March 13, 2007, ordering that the plaintiff's deposition be completed by July 2, 2007. The plaintiff has violated this order as, to date, she has refused to appear for her deposition. Defense counsel requested a complete copy of the plaintiff's medical records in order to substantiate her claim that she is physically unable to attend her deposition. (See Exhibit C, July 19, 2007 letter from Patrick M. Noonan to John R. Williams.) Plaintiff's counsel neither provided these records nor responded to this correspondence.[4]

     The plaintiff has also failed to provide the defendant with an adequate damages analysis. The agreed upon scheduling order required this analysis to be provided by February 1, 2006. The plaintiff's analysis, attached hereto as Exhibit D, was provided more than a year late on July 23, 2007. The calculation is not only late, but it is also entirely inadequate. Instead of describing how plaintiff calculated the claimed damages, she merely provided numbers which appear to have been plucked out of thin air. For example, the plaintiff has listed the sum of $2.5

---

[4] Plaintiff has provided the defendant only with a July 19, 2007 note from her doctor stating that she could not travel for the scheduled July 20, 2007 deposition. The underlying medical records have still not be produced.

4

million for lost earnings without providing any rationale for this figure.  It should be noted that the plaintiff admitted during her deposition that she has never earned enough money to support herself.  Most years her earnings were in the $8,000 to $12,000 range.  The plaintiff has also refused to provide the defendant with a list of persons who have provided mental or emotional health care services to the plaintiff and authorizations permitting the defendant to obtain these records, as requested in the defendant's discovery requests.

Counsel for both parties met with the Court on July 19, 2007.  After defense counsel outlined the plaintiff's refusal to engage in the discovery process, it was suggested that a motion for judgment of dismissal be filed.  In lieu of doing that in the first instance, defense counsel wrote a letter to plaintiff's counsel, detailing the discovery compliance which was necessary and requesting that plaintiff's counsel provide a commitment within the next three days to comply with the outstanding discovery requests within the following 30 days.  The only communication received from plaintiff's counsel since that date is the above-mentioned inadequate damage calculation.  Plaintiff's counsel has not provided any response to defense counsel's July 20, 2007 letter (See Exhibit E), nor has plaintiff's counsel disputed the fact that the discovery compliance to date has been woefully inadequate.  The defendant has been prejudiced by the plaintiff's failure to comply with discovery requests and her failure to comply with the order of this Court to submit to a deposition.   Under these circumstances, the Court should enter an order dismissing the action..

II.     **ARGUMENT**

Pursuant to Fed. R. Civ. P. 37(b)(2) and (d), "[a] district court may impose sanctions, including the dismissal of a complaint, for failure of a party to obey an order to provide or permit discovery or for failure to respond to interrogatories or document requests." (Internal quotation marks omitted.) Masi v. Steely, 2007 WL 1679835, at *6 (S.D.N.Y. June 12, 2007). Fed. R. Civ. P. 37(b)(2) provides:

> If a party … fails to obey an order to provide or permit discovery … or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: …
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Fed. R. Civ. P. 37(d) further provides:

> If a party … fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories … the court in which the action is pending on the motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Dismissal is appropriate where a party "fails to comply with the court's discovery orders wilfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988). "[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." (Internal quotation marks omitted.) Abreau v. City of New York, 208 F.R.D. 526, 530 (S.D.N.Y. 2002); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-53 (2d Cir. 1995). "[I]n this

day of burgeoning, costly and protracted litigation, courts should not shrink from imposing harsh sanctions where … they are clearly warranted." (Internal quotation marks omitted.) Jones v. Niagara Frontier Transportation Authority, 876 F.2d 731, 735 (2d Cir. 1987), cert. denied, 488 U.S. 825 (1988).

In considering whether to grant a motion for dismissal, factors that are relevant include: "(1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of non-compliance; and (5) whether the non-compliant party had been warned of the consequence of his non-compliance." Handwerker v. AT&T Corp., 211 F.R.D. 2003 (S.D.N.Y. 2002), citing Bambu Sales, supra, 58 F.3d at 852-54. See Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 509 (S.D.N.Y.1993) (dismissing for unexcused failure to comply with two discovery orders); John B. Hull, supra, 845 F.2d at 1176-77 (upholding dismissal for failure to comply with clear court orders); Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir.1994) (affirming dismissal with prejudice pursuant to Rule 37 for failure to comply with order to appear for deposition); El-Yafi v. East 72nd Owners Corp., 164 F.R.D. 12 (S.D.N.Y. 1995) (dismissing action for plaintiff's failure to comply with order to appear for deposition by date certain).

As to the first factor in this analysis, there is no doubt that the plaintiff's non-compliance has been willful. Indeed, the plaintiff has provided virtually none of the discovery requested by defendant, and has refused to comply with this Court's March 13, 2007 order that the plaintiff's deposition must be completed by July 2, 2007. See Bambu Sales, supra, 58 F.3d at 852-54. The

plaintiff has suggested that her non-compliance should be excused because she was injured in a motor vehicle accident. There are three responses to this contention. First, despite repeated demand, the plaintiff has steadfastly refused to provide medical documentation for injuries. (See letters from defense counsel to plaintiff's counsel making such requests on July 20, 2007, July 19, 2007 and December 18, 2006, attached hereto as Exhibits E, C and F.) Second, if plaintiff needed more time in which to submit to a deposition, she should have requested such time from the Court rather than simply ignoring the Court's order that the deposition take place no later than July 2, 2007. Third, there can be no claim that plaintiff's alleged inability to travel to Connecticut from Massachusetts for her deposition operates to excuse the plaintiff for failing to fully comply with written discovery requests, some of which have been outstanding for almost two years. Indeed, the fact that these discovery requests have been outstanding for that long indicates that the plaintiff has engaged in the type of persistent refusal to comply with discovery requests which warrants dismissal. Abreau, supra, 208 F.R.D. at 530. In this regard, plaintiff has failed to provide complete answers to 7 out of the 11 interrogatories in the October 5, 2005 discovery requests, and has answered none of the second set of discovery requests, dated June 13, 2006. She also has failed to provide any of the documents listed in the partial answers she provided to the discovery requests.[5]

As to the second factor discussed in Bambu Sales, lesser sanctions in this action would not be effective. The plaintiff's misconduct has delayed the present action far longer than is

---

[5]Plaintiff's discovery responses indicate that the documents are available for inspection. Plaintiff never responded to defendant's request that the documents be copied (at defendant's expense) and transmitted to defense counsel. See Exhibit E.

reasonably tolerable or excusable. Granting the plaintiff additional time to comply will simply compound the prejudice to the defendant as the evidence sought will become even more stale and witnesses' memories of the events in question will continue to fade. See Handwerker, supra, 211 F.R.D. at 210.

With regard to the third factor, the defendant has been prejudiced because the plaintiff's misconduct has thwarted its efforts to prepare its defense and prepare the case for trial. In her damages analysis, the plaintiff claims $500,000 in emotional distress damages. However, because of her refusal to appear for the second session of her deposition and her refusal to supply records from her psychiatrist or social worker, the defendant has been deprived of the opportunity to question the plaintiff about this excessive claim. The plaintiff also claims $2,500,000 in lost earnings damages, without providing any rationale as to how this figure was calculated. Again because of the plaintiff's non-compliance, the defendant has virtually no information by which to analyze or defend against this equally exorbitant claim.[6]

As to the fourth factor, the duration of the plaintiff's non-compliance has been completely unreasonable. The plaintiff provided incomplete responses to the defendant's first set of interrogatories and discovery requests in January of 2006, and has provided no other written response since that time. Responses to the defendant's second set of interrogatories and discovery requests have been outstanding for over one year, and plaintiff has refused to respond. The plaintiff's deposition had to be noticed six times before she finally appeared for the first

---

[6]Incredibly, the plaintiff also seeks 1% of the defendant's net assets as punitive damages.

session. To date, the second session of her deposition has been noticed ten times without success.

As to the final factor, the plaintiff was warned regarding the consequences of her non-compliance during the pre-trial conference with the Court on July 19, 2007. In a last attempt to obtain compliance without the intervention of the Court, defense counsel indicated in his July 20, 2007 letter to plaintiff's counsel (see Exhibit E) that this motion would be filed if plaintiff did not provide the necessary information as well as a date for the completion of her deposition. Plaintiff has chosen not to respond. It appears the plaintiff has no interest in pursuing this action.

## III.   CONCLUSION

Defense counsel had hoped to avoid filing this motion. However, given plaintiff's failure to cure the discovery deficiencies discussed at the pretrial conference, plaintiff left defendant with no choice. This motion is warranted based on the following:

1. Plaintiff fully answered only 4 interrogatories out of the total of 11 interrogatories filed in the first set of discovery requests;

2. Plaintiff has failed to file any response to defendant's second discovery requests dated June 13, 2006, more than a year ago.

3. Plaintiff has failed to provide documents responsive to either the first or second discovery requests;

4. Plaintiff required defendant to notice her deposition six times before starting the deposition;

5. After plaintiff finally appeared for the first session of deposition, she refused to answer questions relating to her emotional health, despite having made a claim for emotional distress;

6. Plaintiff has since the date of that deposition steadfastly refused to provide defense counsel with information concerning the persons who treated plaintiff for emotional distress or to provide any records relating to such treatment;

7. Plaintiff disobeyed the order of this Court that she complete her deposition no later than July 2, 2007;

8. Plaintiff failed to seek an extension of the Court's order that her deposition be taken by July 2, 2007;

9. Plaintiff has failed to supply copies of medical records relating to the injuries from her motor vehicle accident, which she now claims prevented her from participating in a deposition;

10. Plaintiff has completely failed to provide copies of the documents requested in defendant's discovery requests, despite repeated demands.

Based on this record, just as defense counsel had no choice but to seek an order dismissing the action, the Court has no choice but to grant that relief. Accordingly, the motion for judgment of dismissal should be granted.

    THE DEFENDANT
    YALE UNIVERSITY

By       /s/      
Patrick M. Noonan (ct00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
203-458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

John R. Williams, Esquire
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

      /s/      
Patrick M. Noonan