UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SALLY GREENHOUSE | : |
| | : |
| VS. | :     NO. 3:05CV1429(AHN) |
| | : |
| YALE UNIVERSITY | :     AUGUST 29, 2007 |

### BRIEF IN OPPOSITION TO MOTION FOR JUDGMENT OF DISMISSAL

    The defendant in this litigation, with an arrogance those of us who have lived long under its shadow in New Haven have come to expect, believes that this case should be dismissed because the plaintiff had the misfortune to come close to death in an automobile accident one result of which has been to inhibit her ability to travel to Guilford to be deposed.  Defense counsel refuses to travel beyond the borders of Connecticut to accommodate her disability, although he has had no difficulty in scheduling out-of-state depositions of people he thinks will help his cause.

    Most of the first two pages of the defense brief supporting the motion to dismiss consists of an irrelevant and inaccurate attempt to prejudice the court before reaching the alleged merits of the motion, by discussing the reasons the defendant claims it will be able to beat the plaintiff at trial.  Of course, those pages should be disregarded; but their inclusion in the brief bespeaks their author's recognition of the lack of substantive merit in the motion he is arguing.

1

The defendant first argues that the plaintiff's interrogatory responses *in 2005* were inadequate. This is the first time the defendant has said anything about it. The Local Rules of this court provide clear remedies whenever a party feels interrogatory responses are inadequate and the defendant elected not to avail itself of them. Now, also for the first time, the defendant complains to the court that interrogatories served in the spring of 2006 were not answered. Again, the remedies provided by the local rules have been ignored by the defendant. More specifically, however, when defense counsel first raised this issue with the court at an off-the-record conference in chambers in July, the undersigned immediately wrote defense counsel and, among other things, informed him that the interrogatories in question had been lost and requested that he e-mail a copy. He has not done that, and in fact has ignored the letter. Now his client seeks dismissal because interrogatories he declined to furnish plaintiff's counsel have not been answered.

Most outrageous, however, is the defendant's characterization of the plaintiff's physical inability to travel to Guilford, Connecticut, from her residence in Florence, Massachusetts, to attend a second day of her deposition, as a "refusal" to do so. The defendant's attorney knows very well that the plaintiff is severely disabled as a result of her nearly fatal accident and has admitted it in the letter dated July 20, 2007, which has

been attached to the pending motion. "I received Dr. Cowan's report of July 19, along with John's fax this morning. I agree that we can cancel the deposition...."[1]

The defendant next asserts that "[d]efense counsel requested a complete copy of the plaintiff's medical records in order to substantiate her claim that she is physically unable to attend her deposition. (See Exhibit C, July 19, 2007 letter from Patrick M. Noonan to John R. Williams.) Plaintiff's counsel neither provided these records *nor responded to this correspondence.*" (Emphasis supplied.) That statement is false. On July 22, 2007, the undersigned wrote defense counsel a two-page letter which is submitted herewith as Exhibit 3. That letter specifically responds to this issue: "Complete records concerning the plaintiff's automobile accident injuries have nothing to do with this litigation. While you are entitled to know, and do know, why she is having difficulty getting to a deposition, I don't understand what the details of these injuries have to do with our case or why they should be discoverable. You will have to enlighten me on that." Defense counsel has never responded to that letter.

The plaintiff's disability is serious and it is real, albeit not (hopefully) permanent. Exhibit 4 is a certification by the Pioneer Valley Transit Authority determining that the plaintiff is entitled to Americans with Disabilities Act Paratransit services through September 29, 2007.

---

[1] The two faxes (not one) to which defense counsel refers are attached as Exhibit 1 and Exhibit 2.

The undersigned, in July 2007, telephoned the scheduling clerk to defense counsel multiple times to request that the defendant agree to depose the plaintiff either in the community where she resides or, as a compromise, in Springfield.  Although he contemporaneously scheduled the deposition of a third-party witness to be conducted in southern New Jersey in August 2007, he flatly refused to travel outside the State of Connecticut to depose the disabled plaintiff.  Thus, the second day of the plaintiff's deposition could have taken place in July as the defendant claims it desired and was not conducted solely because the defendant was attempting to assert its power by refusing a reasonable accommodation of a genuine disability.  Obviously, that was only a tactic to enhance the defendant's position that the plaintiff now should be denied her day in court because she has been injured.

The defendant also claims that the plaintiff ought to be required to disclose all her mental health records simply because she has asserted that her treatment by the defendant caused her to suffer emotional distress.  As with the other issues in the case, the defendant has made no good faith effort to resolve this dispute.  In his *sworn affidavit*, defense counsel asserts in Paragraph 4 that "[b]y letter dated July 20, 2007, I attempted to confer with plaintiff's counsel in order to resolve several outstanding discovery issues...."  That letter is attached to his affidavit as Exhibit E.  He then *swears* in Paragraph 5 of his affidavit: "Plaintiff's counsel has not responded to this letter."  That statement is absolutely false.  Exhibit 3, submitted herewith, is a letter/fax dated July 22, 2007, which responded to defense counsel's July 20 letter and addressed each of

his points.  Concerning the defendant's interest in perusing the plaintiff's mental health records, the undersigned wrote: "I used to think that names and records of mental health care providers were discoverable when a plaintiff asserted emotional distress damages, but Judge Bruce Thompson recently ruled otherwise (without opinion, admittedly) and I now am thinking that perhaps the mere assertion of emotional distress is not enough to justify any discovery on the topic."  Defense counsel never responded to that letter.

Judge Bruce Thompson's ruling this year, denying the defendant any mental health discovery of any kind in a case where the plaintiff claimed emotional distress damages, has not been reported.  However, it relied upon the argument of plaintiff's counsel which cited Johnson v. Trujillo, 977 P.2d 152 (Colo. 1999) as its chief, although not only, authority.

Finally, the defendant complains for the first time about the adequacy of the plaintiff's Damages Analysis.  The defendant has never in any form even attempted to contact plaintiff's counsel about its stated displeasure with the Damages Analysis.  Rule 37 F.R.Civ.P. requires that it do so and so certify to the court.  It is manifestly unfair, to say nothing of a violation of the rule, to simply spring this on the court and counsel in the form of a motion for the most severe sanction within the power of the court.

Obviously, the discovery disputes in this case are rather narrow.  The defendant wants the plaintiff to give up her mental health records and she objects.  The court can address that issue on its merits without imposing sanctions.  The defendant wants a

more detailed Damages Analysis but, until filing this motion, never brought its concerns to the attention of plaintiff's counsel.  That also is not an appropriate subject for sanctions.  The defendant wants answers to its second set of interrogatories but elected not to send them to plaintiff's counsel upon request.  The defendant feels answers to portions of its first set of interrogatories, more than two years ago, were insufficient but never mentioned it until now.  None of this can be an appropriate subject for sanctions.  What could be an appropriate subject for sanctions, however, is the filing by the defendant of a false affidavit in support of its motion for sanctions.

      The defendant also seeks to sanction the plaintiff for not yet submitting to a second day of deposition.  Upon examination of the facts, however, we see that the truth is not as the defendant claims.  In fact, the plaintiff is genuinely disabled.  Her alleged "refusal" is really an inability to travel all the way from Florence, Massachusetts, to Guilford, Connecticut, for that deposition.  The plaintiff, even in her present disabled condition, was willing in mid-July to submit to a deposition in Springfield.  Defense counsel refused.  He omits that crucial fact from his memorandum to this court as well as from his affidavit.

      The defendant in this case likes to present itself to the world as the very epitome of Yankee rectitude and superiority, but as its moving papers in this matter demonstrate it is in fact so accustomed to getting its way with authorities that it thinks nothing of misrepresenting the truth to a United States District Court.  Its motion to dismiss should be denied.

Respectfully submitted:

/s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
JOHN R. WILLIAMS