# JOHN R. WILLIAMS and ASSOCIATES, LLC

JOHN R. WILLIAMS
KATRENA ENGSTROM
JOSEPH M. MERLY
ROBERT A. SERAFINOWICZ

51 ELM STREET, SUITE 409
NEW HAVEN, CT 06510
(203) 562-9931
FACSIMILE: (203) 776-9494
E-MAIL: jrw@johnrwilliams.com
WEBSITE: www.johnrwilliams.com

July 22, 2007

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Fax: 458-4424

   *Re: Greenhouse vs. Yale*

Dear Pat:

  This responds to your fax to Kit Engstrom. I'm still handling this case myself, but I had a court trial going on at the time of your meeting with Judge Nevas.

  Certainly I am willing to provide additional discovery, but I don't agree with all of the points set forth in your fax. Specifically:

  1. Complete records concerning the plaintiff's automobile accident injuries have nothing to do with this litigation. While you are entitled to know, and do know, why she is having difficulty getting to a deposition, I don't understand what the details of these injuries have to do with our case or why they should be discoverable. You will have to enlighten me on that.

  2. I used to think that names and records of mental health care providers were discoverable when a plaintiff asserted emotional distress damages, but Judge Bruce Thompson recently ruled otherwise (without opinion, admittedly) and I now am thinking that perhaps the mere assertion of emotional distress is not enough to justify any discovery on the topic.

  3. I seem to have misplaced your second set of discovery requests. Can you e-mail them to me so I can work directly off your electronic document?

  4. I will furnish you a damages analysis within 30 days.

      5.  I will take a look at our responses to your 2005 discovery requests and will try to supplement anything that seems to me to be less than responsive.  I suspect, however, that your view and mine may not entirely agree on this.

      6.  We will have all the production materials copied commercially for you and will send you a bill.

      7.  Ms. Greenhouse obviously hopes to be sufficiently ambulatory to be able to submit to a resumption of her deposition soon.  Her current target date (if you were willing to travel to Springfield or Amherst) would be August 20.  If you insist on her coming all the way to Connecticut, that may take a bit more time.  We will continue to update you but you would likely get a faster deposition if you were willing to travel.

      Sincerely yours,


      JOHN R. WILLIAMS