UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


SALLY GREENHOUSE                  :

   v                             :        Civil No. 3:05cv1429(AHN)

YALE UNIVERSITY.                  :


PRE-TRIAL ORDER

     1.  If this action is to be tried to the jury, counsel for
the respective parties shall meet and confer, on or before ten
(l0) days prior to trial, in an effort to enter into a written
stipulation of uncontroverted facts and an agreed statement of
the contested issues of fact and law.  Any such stipulation
and/or statement shall be filed with the court no later than five
(5) days prior to trial. The stipulation of uncontroverted facts
will be read to the jury and no evidence will be presented on the
uncontested facts.

     2.  Plaintiff shall file with the court, on or before
fifteen (l5) days prior to trial, a list of witnesses intended to
be called.  Each defendant shall file its list of witnesses no
later than ten (l0) days prior to trial.  Plaintiff has leave to
file a list of rebuttal witnesses three (3) days thereafter.
Failure to comply with this paragraph will, in the absence of
exceptional circumstances, result in preclusion of a witness's
testimony.

     For each expert witness the parties shall file with the
court, at least five (5) days prior to trial, a biographical
sketch and a statement of the area of the witness' expertise, the
opinion to be expressed, a brief summary of the basis of the
opinion, and a list of the materials on which the witness intends
to rely.

2

3.   The parties shall file with the court, on or before ten (l0) days prior to trial, a list of exhibits with a brief description of each.  The plaintiff shall <u>numerically</u> mark all exhibits and the defendant shall <u>alphabetically</u> mark all exhibits using exhibit tags to be provided by the Clerk's Office upon request.  Each party shall prepare a separate set of exhibits for the Judge and for opposing counsel.  The sets of exhibits shall be provided to the Judge on the day before trial.  Counsel shall retain original exhibits and introduce them during the course of the trial.  The parties will be precluded from offering into evidence exhibits not so marked and listed, except those that may be needed for impeachment purposes or rebuttal that could not reasonably be anticipated.

On or before the date specified above, each party shall forward copies of said exhibits or make them available to all other counsel for examination.  Any objection to the admissibility of any exhibit, other than on the grounds of relevance, shall be filed with the court three (3) days prior to the trial together with a citation of authorities in support of the specific ground of objection.  If no objection is made, then the exhibit may be admitted without further proof of authenticity.

4. The parties shall consult with one another and shall file with the court, seven (7) days prior to trial, an agreed upon joint statement of the case, not to exceed three (3) pages.  This statement shall:

(a) List all parties and all claims alleged in the complaint, being sure to specify who asserts which claim(s) against whom.

(b) List the claims that will be pursued at trial.  Identify all prior action in the case that has resulted in the dismissal or withdrawal of any claim(s) or party(ies).  (E.g. May 1, 1993, AHN Ruling on Motion for Summary Judgment: Count II (false arrest) dismissed, Count IV (municipal liability) dismissed and City defendant dismissed.)  If plaintiff intends not to pursue certain claims at trial, identify these claims as well.

(c) List the defenses that will be pursued at trial.

(d) Briefly summarize the plaintiff(s)' and defendant(s)' theories of the case.

(e) Identify issues that the court will need to address prior to trial.  (E.g. evidentiary issues, witness disputes, etc..)  For every issue listed, parties must represent that they have made a good faith, albeit

3

unsuccessful, effort to resolve such issue.

If the parties are unable, after good faith efforts, to agree to a joint statement, each party shall file his or her own statement of the case, <u>not to exceed one and one half pages (1 1/2)</u>, delineating his or her own claims/defenses and theories of the case.  Such separate statements shall, however, comply in full with subsection (e) above.

5.  If this action is to be tried to a jury, the parties shall consult with one another and shall file with the court agreed upon joint jury instructions which deal with the substantive issues in the action.  With respect to those issues on which the parties cannot agree, each party shall file with the court its own proposed jury instructions.  Both the joint submission and the individual submissions shall be filed with the court on or before 5:00 p.m. seven (7) days prior to trial. Counsel are required to submit their proposed instructions in narrative form, keeping in mind that the instructions should encompass all rules of law applicable to the evidence and appropriate citations should be noted by the use of footnotes. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.  A courtesy copy of the proposed jury instructions should also be submitted to Chambers <u>and</u> on 3 ½", double sided, high density diskettes, in WordPerfect format, if available.

6.  If this action is to be tried to the court, then counsel for the respective parties shall meet and confer, on or before twenty-one (21) days prior to trial, in an effort to enter into a written stipulation of uncontroverted facts and an agreed statement of the contested issues of fact and law.  Any such stipulation and/or statement shall be filed with the court no later than five (5) days prior to trial.  Each party shall file their proposed findings of fact and conclusions of law, together with a citation of authorities in support thereof, <u>including citation to transcript pages</u>, within 30 days after receipt of the trial transcript. The proposed findings of fact and conclusions of law shall be in brief paragraph form and numbered sequentially.  Each party should also submit a courtesy copy of the proposed findings of fact and conclusions of law in written form <u>and</u> on 3 ½", double sided, high density diskettes, in WordPerfect format, if available.  The parties shall advise the court reporter one week before trial that a trial transcript will be necessary to enable them to prepare their proposed findings of fact.

7.  Plaintiff shall file with the court, on or before fifteen (l5) days prior to trial, a list of any interrogatories, answers thereto, depositions, etc., specifying the appropriate

4

portions thereof that plaintiff intends to offer at trial for purposes other than impeachment or cross-examination.  Each defendant shall do likewise within three (3) days thereafter, and plaintiff may file a further rebuttal designation within two (2) days thereafter.  Any objection to the introduction of any of the foregoing shall be filed with the court in writing, together with a citation of authorities in support of the specific ground of objection, no later than four (4) days prior to trial or such objection shall be deemed to have been waived.

    8.  If a party intends to present testimony or other evidence which will include any medical or technical terms, the offering party shall file with the court, at least one (1) day prior to trial, a glossary of such terms.

    9.  If, pursuant to Rule 49, Fed. R. Civ. P., either party intends to request a special verdict or a general verdict with interrogatories, the requesting party shall file with the court, on or before the date scheduled for jury selection its request accompanied by the proposed questions or interrogatories.  A courtesy copy of special verdict or general verdict with interrogatories should also be submitted to Chambers in written form and on 3 1/2" or 5 1/4", double sided, high density floppy discs in WordPerfect, if that software is available.

    10.  Two (2) days prior to the date scheduled for jury selection, each party shall file with the court any proposed voir dire questions.

    11. For all e-filed cases, the Court's E-file Order applies to all documents filed with the court pursuant to this Pre-Trial Order.

    12. If this case is to be tried to a jury, the date on which trial is expected to begin will be set at jury selection.  For purpose of complying with this order, the jury selection date of September 12, 2008 is the trial date.  If this case is to be tried to the court, the date set for trial is .

    SO ORDERED this 10th  day  of April 2008 at Bridgeport, Connecticut.

                                        /s/ _____

                                          Alan H. Nevas
                                    United States District Judge