UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05cv1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 5, 2008 |

**PLAINTIFF'S REQUESTS TO CHARGE**

1.  This action has been brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681-1688.  Title IX prohibits gender-based discrimination in a wide array of programs and activities undertaken by educational institutions.  The statute's enforcement machinery includes a victim's right to sue the educational institution which has violated this law.  Sexual harassment in the educational milieu can constitute gender-based discrimination actionable under Title IX when the victim's school experience is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe to compromise the educational experience. Sexual harassment of a student by a teacher, at a school receiving federal funds constitutes a violation of Title IX if the school has actual knowledge and is deliberately indifferent to the rights of the students at risk from such harassment.  Retaliation against a person who complains about a Title IX violation is actionable as a Title IX violation itself. [Jackson v. Birmingham Board of Education, 544 U.S. 167 (2005);

1

Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998); Bruneau v. South Kortright Central School District, 163 F.3d 749 (2nd Cir. 1998); Frazier v. Fairhaven School Committee, 276 F.3d 52, 65 (1st Cir. 2002); Warren ex rel. Good v. Reading School District, 278 F.3d 163 (3rd Cir. 2002); Baynard v. Malone, 268 F.3d 228 (4th Cir. 2001); Doe v. Dallas Independent School District, 153 F.3d 211 (5th Cir. 1998); Vance v. Spencer County Public School District, 231 F.3d 253 (6th Cir. 2000); Doe ex rel. A.N. v. East Haven Board of Education, 430 F. Supp. 2d 54 (D. Conn.), *affirmed* 200 Fed. Appx. 46 (2nd Cir. 2006); Doe ex rel. Doe v. Derby Board of Education, 451 F. Supp. 2d 438 (D. Conn. 2006); Riccio v. New Haven Board of Education, 467 F. Supp. 2d 219 (D. Conn. 2006)]

   2.  Direct evidence of a retaliatory motive is not necessary, and a plaintiff often is constrained to rely on the cumulative weight of circumstantial evidence. [Rosen v. Thornburgh, 928 F.2d 528, 533 (2nd Cir. 1991); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2nd Cir. 1997)]  Often, what is most revealing of the true intention behind the action is the timing. [Harper v. Metropolitan District Commission, 134 F. Supp. 2d 470, 489 (D. Conn. 2001) (Covello, C.J.)]

   3.  Circumstantial evidence is in no way inferior to direct evidence. Circumstantial evidence is not less probative than direct evidence, and, in some instances, is even more reliable.  Even in criminal cases, convictions can rest solely on circumstantial evidence, which is intrinsically as probative as direct evidence.  There is no legal distinction between direct and circumstantial evidence so far as probative value

2

is concerned. [United States v. Andrino, 501 F.2d 1373, 1378 (9th Cir. 1974); United States v. Young, 568 F.2d 588, 589 (8th Cir. 1978); Rosen v. Thornburgh, 928 F.2d 528, 533 (2nd Cir. 1991); Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 508 n. 17 (1957); Desert Palace, Inc. v. Costa, 539 U.S. 90,123 S. Ct. 2148, 2154 (2003); DiMartino v. Richens, 263 Conn. 639, 674-75, 822 A.2d 205 (2003); State v. Brown, 199 Conn. 14, 22, 505 A.2d 690 (1986)]

    4.  The defendant claims that it had a legitimate nondiscriminatory reason for the adverse actions it took against the plaintiff.  If the plaintiff is able to persuade you that this explanation is false, however, that fact is sufficient to permit you to find that the defendant's true motive was retaliation.  The factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt. [Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 108 (2000), *quoting* Wright v. West, 505 U.S. 277, 296 (1992); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993)]

    5.  If you find that the defendant is liable to the plaintiff, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money

which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable. [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2nd Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2nd Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

  6. You may also decide whether the plaintiff is entitled to the award of any punitive damages. In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future other educational institutions will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    A) Willful or malicious violation of the rights of the plaintiff;

    B) Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

        C)  Reckless disregard by the defendant of whether or not it was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2nd Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2nd Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3rd Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

    7.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and its apparent lack of genuine repentance for the misconduct in question, if you find such to be the case.  [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2nd Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2nd Cir. 1978).]

        THE PLAINTIFF


BY:_____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax:  203.776.9494
        jrw@johnrwilliams.com
        Her Attorney


CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
JOHN R. WILLIAMS