UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05cv1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 5, 2008 |

### BRIEF IN SUPPORT OF MOTION IN LIMINE

The plaintiff has moved *in limine* to preclude the defendant from presenting testimony from Joseph Gordon, Susan Hockfield and Patricia Pearce, as well as from presenting any other similar evidence, which concerns the defendant's actions with respect to the plaintiff's internal administrative appeal from her dismissal.

The plaintiff was a graduate student in the defendant's School of Drama. She was dismissed, and contends in this litigation that her dismissal was in retaliation for her having complained about sexual harassment instigated by a member of the faculty. The defendant has an internal appeal/grievance procedure by which students, as well as faculty and some other employees, are expected to seek administrative relief from adverse actions. The Connecticut Supreme Court has held that exhaustion of such administrative remedies is a necessary prerequisite to litigation by those to whom such administrative procedures are available. Nieman v. Yale University, 270 Conn. 244,

851 A.2d 1165 (2004).  Accordingly, the plaintiff did exhaust those remedies prior to filing this lawsuit.

The defendant has filed a witness list containing the names of the individuals who sat on the administrative review committee to which the plaintiff's administrative appeal was assigned.  The plaintiff seeks to preclude testimony from these witnesses, and any other comparable evidence.

It is not proper to admit evidence of administrative decisions relating to the underlying case, since such evidence is too likely to cause a jury to defer to the administrative holdings rather than deciding the case themselves as the law requires. Waid v. Merrill Area Public Schools, 130 F.3d 1268 (7th Cir. 1997).  It is not necessarily improper, however, to permit evidence of the *existence* of the administrative decision so long as the factual findings thereof are not admitted.  Henneberger v. County of Nassau, 465 F. Supp. 2d 176 (E.D.N.Y. 2006).  *See generally* Stacks v. Southwestern Bell Yellow Pasges, 27 F.3d 1316, 1326 n. 3 (9th Cir. 1994).

The fact that the plaintiff exhausted her administrative remedies at Yale may well be admissible, although it should come in via a stipulation rather than via testimony; but the factual findings of the administrative board are another matter and must be excluded.  Accordingly, the testimony of the proposed witnesses who constituted that board must be excluded.

        Respectfully submitted:

        _____/s/_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax:  203.776.9494
        jrw@johnrwilliams.com
        Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

        _____/s/_____
        JOHN R. WILLIAMS