UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| | : | |
| VS. | : | NO. 3:05cv1429(AHN) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 7, 2008 |

**BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING DAVID BARDEEN**

The plaintiff has moved *in limine* to preclude the defendant from presenting to the jury any portion of the videotaped deposition of David Bardeen, as the defendant has informed the court it wishes to do. The plaintiff has submitted a transcript of that deposition as an attachment to her motion.

In this Title IX lawsuit, the plaintiff has alleged that during the first two weeks after her matriculation at the defendant's School of Drama, she was involuntarily subjected by her professor to a classroom "exercise" in which two young[1] male students were instructed twice to simulate masturbation (the second time involving simulated orgasm) in her presence. She alleges that she promptly complained to the administration, whereupon the was placed on warning and then subjected to further retaliatory actions for the remainder of the school year at the conclusion of which she

---

[1] The plaintiff was 49 years old at the time; the two male students were under 30.

1

was dismissed from the program.  The defendant proposes to present testimony by Mr. Bardeen – who was a member of the same graduate class but was an acting student rather than a directing student like the plaintiff – on two issues: (1) to show that months after the incident in question, the plaintiff voluntarily participated in another on-stage performance in which a male actor placed his head under her skirt; and (2) to show that he (Mr. Bardeen, the acting student) thought the plaintiff did not collaborate well with her peers.[2]

The first portion of proposed testimony is inadmissible because it is not relevant, is improperly prejudicial, and violates accepted "rape shield" principles of evidence.  The second portion of proposed testimony is inadmissible because the opinion of a peer is irrelevant to an administrative or faculty decision.

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Evidence that the plaintiff voluntarily participated, several months after the event in question, in a sexually-charged classroom exercise does not in any imaginable way tend to make more or less probable the fact that the first event at start of the plaintiff's student career occurred, the fact that the plaintiff was upset by it, the fact that the

---

[2] The defendant argues that it had a legitimate nonretaliatory reason for expelling the plaintiff, i.e., that she did not collaborate well with other students.

plaintiff complained about it, the fact that the defendant retaliated against the plaintiff for complaining, or the fact that the plaintiff suffered Title IX injury as a result of the retaliation.  Moreover, evidence that the plaintiff voluntarily submitted herself to such an exercise many months after the event at issue is barred by Fed. R. Evid. 412, which bars such evidence unless the defendant proponent of the evidence (1) files a written motion *fourteen (14) days prior to the start of trial* seeking permission to present such evidence and expressly stating the purpose for which the evidence is offered, (2) files such motion under seal, and (3) proves at an evidentiary hearing attended by the victim that such evidence is probative and that its probative value "substantially outweighs the danger of harm...and of unfair prejudice...."  Fed. R. Evid. 412(b)(2).  The defendant has not complied with any portion of this requirement and therefore cannot present this portion of the Bardeen evidence.

      Concerning the second portion of the proposed evidence, the opinion of a fellow student in a different field of study, the defendant has not showed and cannot show that the alleged faculty decision to expel the plaintiff in any respect considered the opinion of an acting student in the plaintiff's program.  Obviously, then, such opinion testimony is not relevant.  Moreover, since the defendant is offering this part of Bardeen's deposition as opinion testimony, the defendant was obliged to disclose the proposed expert evidence in accordance with Fed. R. Civ. Proc. 26(a)(2) and in the time provided by this court's scheduling order.  The defendant did not do so.  The evidence, for all these reasons, is inadmissible.

Respectfully submitted:

          /s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/
JOHN R. WILLIAMS