UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

SALLY GREENHOUSE                :

    Plaintiff                               :         CIVIL ACTION NO.
                                                                             3:05 CV 01429 (AHN)

vs.                                                  :

YALE UNIVERSITY                      :

    Defendant                          :         SEPTEMBER 3, 2008

## DEFENDANT'S SUPPLEMENTAL STATEMENT OF THE CASE

Plaintiff and defense counsel have submitted a joint statement of the case. However, plaintiff's counsel was unwilling to include in the joint filing several issues defense counsel believes the Court should be aware of prior to trial. Therefore, the defendant respectfully requests that the Court address the following issues prior to trial.

    1.    The defendant requests that the Court counsel the plaintiff not to discuss her alleged emotional distress on the grounds that the Court dismissed the plaintiff's claim for intentional infliction of emotional distress and the plaintiff withdrew her claim for emotional distress damages. On February 27, 2006, the Court granted the defendant's motion to dismiss the plaintiff's intentional infliction of emotional distress claim. In addition, following defendant's request for psychiatric records, the plaintiff withdrew her claim for emotional distress damages in a Revised Damages Analysis dated December 19, 2007. Since the plaintiff's intentional infliction of emotional distress claim has been dismissed and the

plaintiff withdrew her claim for emotional distress damages, the plaintiff should be precluded from offering any testimony concerning her alleged emotional distress.

2. The defendant also requests that the Court advise the plaintiff to refrain from using the phrases "Male School of Trauma" and "Yale Mafia" as names for the Yale School of Drama, since the use of such phrase is inappropriately argumentative and insulting.

3. The defendant requests that the Court request that the plaintiff confine her answers to the question asked and to refrain from offering hearsay information. It was defense counsel's observation at the plaintiff's deposition that the plaintiff routinely responded to questions with answers which consumed several pages of transcript, including irrelevant and hearsay information offered for the alleged purpose of "providing the context." As just one example, the plaintiff was asked to provide the name of an individual and there followed a six page answer.

4. Defendant requests that plaintiff be instructed not to refer to a scene involving a different student at the Yale Drama School. On pages 234 and 235 of plaintiff's deposition transcript, which are attached hereto as Exhibit A, plaintiff described a fellow classmate who allegedly felt uncomfortable performing a scene involving simulated anal rape. This was a class project, which was being directed by one of the student directors, Christopher Sanderson. The plaintiff alleges that her classmate did not wish to perform the scene, and further states that the classmate told Mr. Sanderson that she felt uncomfortable, and yet Mr. Sanderson insisted that she perform the scene. Plaintiff acknowledges that neither she nor her classmate reported this incident to any member of the faculty. Given the fact that the

incident did not involve the plaintiff and in light of the fact that the defendant was never made aware of the incident, testimony concerning this incident can have no possible relevance to the issues raised by this case.

THE DEFENDANT
YALE UNIVERSITY

By _____

Patrick M. Noonan  (ct00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
203-458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

John R. Williams, Esquire
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Patrick M. Noonan

3

# EXHIBIT A

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
 2
    VOLUME II
 3
                         No. 3:05CV01429(AHN)
 4

 5
    SALLY GREENHOUSE
 6
    VS                                    ORIGINAL
 7
    YALE UNIVERSITY
 8

 9        Deposition of: SALLY GREENHOUSE, taken

10   pursuant to the Federal Rules of Civil Procedure

11   before Barbara L. Murphy, Licensed Shorthand Reporter,

12   License No. 305 and Notary Public within and for the

13   state of Connecticut, held at the offices of

14   Del Vecchio Reporting Service, 151 New Park Avenue,

15   Hartford, Connecticut on August 26, 2008 commencing

16   at 1:05 p.m.

17

18

19

20

21
              DEL VECCHIO REPORTING SERVICES, LLC
22              PROFESSIONAL SHORTHAND REPORTERS
                         117 RANDI DRIVE
23                     MADISON, CT 06443
                         (203)245-9583
24                       (203)245-2760

25   STAMFORD              HARTFORD              NEW HAVEN
```

**DEL VECCHIO REPORTING SERVICES, LLC**

1  but my E-mail recording this who I watched have to do
2  something in the Drama 50 performance rehearsal in
3  Christopher Sanderson's group that she did not feel
4  comfortable doing.
5     Q.   Who was that?
6     A.   Christiana Nelson.
7     Q.   How do you know she felt uncomfortable?
8     A.   She told me.
9     Q.   Were you present during the production?
10    A.   During the rehearsal -- we had showings and
11 I did see that, yes, it was simulated anal rape.
12    Q.   Did you complain to anyone about that?
13    A.   No.  She talked to me about it and cried and
14 we spoke.  And I told her that I did not believe that
15 she ought to have to do anything in this collaborative
16 project, which was supposed to be a collaboration,
17 that she felt instructed or ordered to do without any
18 volition and she agreed that theoretically the point
19 of this project was to collaborate.
20         But that Christopher Sanderson had made it
21 not an optional experience.  And so she cried and
22 shared with me why she felt she didn't want to do it.
23 And I said that when we had to be in the green room,
24 which is the room you go into to prepare to go on
25 stage and where you go when you're off stage, that I

1  would make sure I was present although I couldn't
2  intervene because it was her group while she had the
3  courage to approach him and speak with him.
4      Q.   Speak with?
5      A.   Chris Sanderson. So I said, you know, if
6  you need me for moral support, I'll be in the room.
7  Obviously just sitting there and just know that the
8  terms of this is that, you know, he's not supposed to
9  be able to order you to do this and because I had this
10 horrendous experience already in the Drama 50 which I
11 suppose was a portent of something like this that
12 could happen.
13       I watched her approach Chris Sanderson and
14 say, "I don't feel comfortable doing this and I don't
15 want to do it." And he refused. I mean he insisted.
16 He refused to allow her to exercise her volition in
17 not doing this and he said, "No, it stays."
18      Q.   Did she end up doing it?
19      A.   Yup.
20      Q.   Did either you or she talk to any member of
21 the faculty about her desire not to engage in the
22 scene?
23      A.   Oh, no. First of all, I had been instructed
24 not to register any more complaints of that nature at
25 all. That was not possible for me and for an actor to