UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| Plaintiff | : | CIVIL ACTION NO.<br>3:05 CV 01429 (AHN) |
| vs. | : | |
| YALE UNIVERSITY | : | |
| Defendant | : | SEPTEMBER 10, 2008 |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant proposes the following jury instructions.

## I.   GENERAL INSTRUCTIONS

### A.   All Persons Equal Before The Law

1.      This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The plaintiff is a natural person. The defendant, Yale University, is an institution. You must give no consideration to the fact that the defendant is an institution. A university is entitled to the same fair trial at your hands as if it were a natural person. The size of Yale University or its financial assets have no place in this trial. All persons, including universities, must stand equally before you and are to be dealt with as equals in this Court. You must assess the claims and defenses of both parties to this action without regard to their status and treat both parties in an equal and unbiased fashion.

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168  •  FAX: (203) 458-4424
JURIS NO  415438

E. J. DeVitt and C. B. Blackmar, <u>Federal Jury Practice and Instructions</u>, (4th ed. 1987) at Section 71.04.

2.      In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.  Sympathy is not a proper basis for any decision in this case, and elements of bias, prejudice or sympathy should not enter into your discussions or your deliberations.  The mere fact that an individual claims to have been harmed does not by itself provide a basis for awarding damages.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

1A Fed. Jury Prac. & Instr. § 12.01 (5th ed.); 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.).

## II.      THE PLAINTIFF'S CASE

The plaintiff, Sally Greenhouse, claims that the defendant, Yale University, violated Title IX of the Educational Amendments of 1972, which prohibits discrimination on the basis of gender in educational programs and activities receiving financial assistance.  The defendant acknowledges that it receives financial assistance and must abide by the statute.  The defendant denies, however, that it subjected the plaintiff to discrimination on the basis of her gender or retaliated against her.  The plaintiff has the burden of proving all of the elements of her claims to you.  It is not sufficient to prove some of the elements.  If the

2

plaintiff has failed to prove even one element of her claim, then you must find in favor of the defendant on that claim.

The plaintiff first claims that the defendant discriminated against her on the basis of her gender. There is a two step process in determining whether or not a plaintiff has proven a claim of discrimination. First, you must consider whether the plaintiff has made out a prima facie case. If she has not, then your verdict would have to be in favor of Yale University. If you find that the plaintiff has proven a prima facie case, then you must next consider whether the defendant has articulated a legitimate, non-discriminatory business reason for its actions; and if so, you would then have to determine whether or not the plaintiff has overcome that legitimate, non-discriminatory business reason and proven an actual intent to discriminate. If the plaintiff has not done that, then your verdict would have to be in favor of Yale University.

In order to establish a prima facie claim of discrimination, a plaintiff, such as Ms. Greenhouse, must establish four elements with respect to her claim of discrimination: (1) she was within a protected group, (2) she was qualified for the position, (3) she suffered an adverse action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. Yale University agrees that Ms. Greenhouse, as woman, is a member of a protected group and that dismissal from a university qualifies as an adverse action.

In deciding whether Ms. Greenhouse has established a prima facie case, you must decide whether she was qualified to be advanced to the second year at the Yale University School of Drama and whether her dismissal occurred under circumstances giving rise to an

inference of discrimination.   If the plaintiff has not proven each element of her prima facie

case, then your verdict must be in favor of Yale University.

> Spence v. Maryland Casualty Co., 995 F.2d 1147, 1155 (2d Cir.1993); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 110 (2d Cir.1992).

You must give consideration to the fact that the individuals who were primarily

responsible for initiating the plaintiff's dismissal – Professor Elizabeth Diamond and

Professor David Chambers – were the very same individuals who were primarily responsible

for admitting Ms. Greenhouse to the Yale School of Drama in the first place.   In determining

whether Ms. Greenhouse's dismissal occurred under circumstances giving rise to an inference

of discrimination, you should consider the fact that the defendant placed the plaintiff on

academic probation within six months of admitting her to the School of Drama.   The plaintiff

was then dismissed from the School of Drama eight months later.   When a defendant admits

a plaintiff to an academic program, places her on academic probation shortly after,  and then

dismisses her within a short period of time, there is a strong inference that discrimination was

not a determining factor in the dismissal.   The reason for this is that the plaintiff was female

when she was admitted to the program; if the individuals who later initiated the dismissal

process were prone to discriminating against females, they likely would not have invited her

to come to the program in the first place.

> Boyce v. Bank of New York, 226 Fed.Appx. 17 (2d Cir. 2006);

4

Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Grady v. Affiliated Cent., Inc., 130 F.3d 553 (2d Cir. 1997), cert. denied 525 U.S. 936 (1998).

If Ms. Greenhouse has not proven each of these four elements of the prima facie case for her claim of gender discrimination, she has not satisfied her burden of proof. If you find this to be the case, then you must render a verdict in favor of Yale University.

If, on the other hand, you find that Ms. Greenhouse proved all four of the elements of a prima facie case on her claim of gender discrimination, then Ms. Greenhouse has established a presumption of discrimination. However, this would not end the case. Yale University then would have the burden to articulate a legitimate, non-discriminatory reason for its action. Any stated reason is sufficient; it does not need to be a reason you would find satisfactory. Yale University does not need to prove to you that the stated reason was the actual reason for its actions. In this case, Yale University has offered evidence that Ms. Greenhouse failed to work cooperatively in a collaborative fashion with her fellow classmates and was not therefore qualified to continue as a student at the School of Drama. If you find that that was a legitimate, non-discriminatory reason for Yale University's actions, then the presumption of discrimination drops out of the case, and Ms. Greenhouse must prove that Yale University's articulated reason is false and the real reason for the dismissal was in fact discrimination. If you find that Ms. Greenhouse failed to prove that the reason articulated by Yale University was false or has failed to prove that the real reason for the dismissal was intentional discrimination, then you must render your verdict in favor of Yale University.

The burden of proving to you that Yale University intentionally discriminated against Ms.

Greenhouse because of her gender always lies with Ms. Greenhouse.  If she has not proven

that Yale University intentionally discriminated against her based on her gender, then you

must find in favor of Yale University.

> St. Mary's Honor Center v.
> Hicks, 509 U.S. 502, 506-07
> (1993); Spence, supra, 995 F.2d
> at 1155; Maresco, 964 F.2d at
> 110; Gallo v. Prudential
> Residential Servs., Ltd.
> Partnership, 22 F.3d 1219, 1225
> (2d Cir. 1994).

The plaintiff also claims that the faculty created a hostile educational environment by

sexually harassing her.  In order to prove her Title IX claim, the plaintiff must satisfy three

elements: (1) the sexual harassment was so severe, pervasive, and objectively offensive that it

could be said to deprive the plaintiff of access to the educational opportunities or benefits

provided by Yale University; (2) Yale University had actual knowledge of the sexual

harassment; and (3) Yale University was deliberately indifferent to the harassment.  In

addition, Yale University must have had substantial control over both the harasser and the

context in which the harassment occurred.  In order to be actionable, the sexual harassment

must have a systemic effect on the educational programs or activities.  In assessing the degree

of the sexual harassment, you should take into account the relationship between the harassers

and the plaintiff.  Yale University cannot be liable if it did not have actual knowledge of the

sexual harassment.  Deliberate indifference on the part of Yale University may be found only

if Yale University's response to the harassment, if you find there was in fact harassment, was clearly unreasonable or if remedial action only followed after a lengthy and unjustified delay. It is not sufficient for plaintiff to prove one or two of these elements; she has the burden of proving all elements of her claim.  If you find that the plaintiff has failed to establish even one of these elements, you must enter a verdict in favor of the defendant.

Doe ex rel. Doe v. Hamden Bd. of Educ., 2008 WL 2113345 (D.Conn. 2008); Hayut v. State University of New York, 352 F.3d 733 (2d Cir. 2003); Davis Next Friend Lahonda D. v. Monroe County Bd. of Educ., 526 U.S. 629 (1999); Gebser v. Lago Vista Independent School Dist., 524 U.S. 274 (1998).

In determining whether the plaintiff endured sexual harassment that was so severe, pervasive, and objectively offensive, you must consider the totality of the circumstances, including the frequency and severity of the harassing conduct; whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with the plaintiff's academic performance.  Whether gender-oriented conduct rises to the level of actionable harassment depends on a constellation of surrounding circumstances, expectations, and relationships.  Sexual harassment can be regarded as severe only if it clearly transcends the bounds of propriety and decency.  Sexual harassment is not pervasive if the conduct is sporadic, that occurs only once every so often.  In other words, a few incidents over several months would not be sufficient.  Rather, the conduct must be

continuous and widespread.  Sexual harassment is objectively offensive only if the average, reasonable person in the same setting as the plaintiff would be offended by the conduct.  The defendant cannot be held liable for gender discrimination if the plaintiff has a heightened sensitivity which caused her to be offended by conduct that would not offend the average, reasonable graduate student in a theater program.  An individual can be found to have been deprived of access to educational opportunities or benefits only if the sexual harassment undermines and detracts from his or her educational experience and has the systemic effect of denying him or her equal access to educational resources and opportunities.  If the level of harassment proven to you does not meet this standard, then your verdict must be in favor of Yale University.

> Hayut v. State University of New York, 352 F.3d 733 (2003); Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999); Riccio v. New Haven Bd. of Educ., 467 F.Supp.2d 219 (D.Conn. 2006);

The plaintiff also claims that Yale University retaliated against her when it dismissed her from the Drama School.  In order to prevail on her claim of retaliation, the plaintiff must prove that Yale University dismissed her from the Drama School because she complained of gender discrimination.  The defendant has offered evidence that the plaintiff was a poor student in that she was unable to cooperate and collaborate with other students, as was required by the Drama School program.  If you find that Yale University dismissed the

8

plaintiff from the Drama School because of her deficiencies as a student, then you must find

for Yale University on the retaliation claim.

> Jackson v. Birmingham Bd. of
> Educ., 544 U.S. 167 (2005).

In determining whether the plaintiff has proven her claims in this case, you must

remember that educational institutions have broad discretion in terminating students from

their programs. The courts have recognized that judges and juries should not substitute their

judgment for that of educators, who are far more expert than judges and juries when it comes

to making educational decisions.

> Gupta v. New Britain General
> Hospital, 239 Conn. 574 (1996).

You should also keep in mind that not every unwelcome event would qualify as an

adverse action. In this case, the only action which would qualify as an adverse action is the

decision to dismiss the plaintiff from the Drama School. The issuance of the warning to the

plaintiff in September, 2002, would not be sufficient to constitute an adverse action. See,

Chang v. Safe Horizons, 254 Fed. Appx. 838, 839 (2d Cir. 2007); Loris v. Moore, 2008 WL

3891730 *13 (D.Conn. August 20, 2008) (Eginton, J.). Accordingly, even if you were to

conclude that the decision to issue the warning to the plaintiff in September, 2002 was the

result of either discrimination or retaliation, that would simply not be actionable. Similarly,

it is not sufficient for the plaintiff to prove that the decision to dismiss her was not

educationally sound or unfair. The plaintiff must prove that the reason for her dismissal was

due to discrimination based on gender or out of retaliation for filing a complaint of gender discrimination in order to prevail on those claims.

## III.   DAMAGES

If you find that the plaintiff has failed to meet her burden of proving her claim on liability, then your verdict must be for Yale University, and you will not reach the question of damages. On the other hand, if you find that the plaintiff has satisfied her burden of proving the essential elements of her claim by a preponderance of the evidence, then you should determine whether the plaintiff has proven damages. The fact that I am instructing you as to damages, however, is not an indication that I believe that you should award damages. I am instructing you as to the measure of damages so that you may determine how much to award if you find that the plaintiff has proven all of the elements of her claim as I previously instructed. If she has not, you should not consider damages. Rather, you must return a verdict for Yale University.

> E. J. DeVitt and C. B. Blackman, Federal Jury Practice and Instructions, (4th ed. 1987) at Section 107.08.

In general, there are two types of damages: economic damages and non-economic damages. Economic damages would include things like bills for a therapist or medication or lost wages. Non-economic damages provide compensation for emotional distress. The plaintiff is not seeking damages for emotional distress, and therefore you cannot award any damages for emotional distress or any other non-economic damages. The burden of proving

damages, of course, is on the plaintiff. If you find that Ms. Greenhouse has not proven any damages, then you should not award her any damages, even if you were to conclude that the University subjected her to discrimination or retaliated against her.

On the other hand, if you decide that the plaintiff has proven by a preponderance of the evidence that she was the victim of unlawful discrimination and/or retaliation and she suffered economic loss, then you may award an amount which you believe to be fair compensation. You may award compensatory damages only for economic loss which the plaintiff has proven was actually caused by the defendant's unlawful conduct. The damages that you award must be fair compensation, no more and no less. You cannot be influenced by any sympathy you feel for Ms. Greenhouse, nor should you attempt to be generous to her in awarding damages. Your verdict must be fair to both sides. In addition, you cannot award compensatory damages for speculative amounts, but only for those items which the plaintiff has actually proven by substantial evidence. In this regard, you may not award any money to the plaintiff for lost earnings or lost earning capacity, because she has not proven any such loss by competent evidence. It is the plaintiff's burden to prove her damages to you, just as it is her burden to prove all aspects of her case. If she has failed to prove actual economic loss, then you may not award any damages to her.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 15.2 (1999); Carrano v. Yale-New Haven Hospital, 279 Conn. 622, 650, 904 A.2d 149 (2006); Beverly

Hills Concepts, Inc. v. Schatz
and Schatz, Ribicoff and Kotkin,
247 Conn. 48 (1998).

## IV.   VERDICT

The verdict must represent the considered judgment of each juror.   In order to return a

verdict, it is necessary that each juror agree.   Your verdict must be unanimous.   It is your duty,

as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if

you can do so without violence to individual judgment.   You must each decide the case for

yourself, but only after an impartial consideration of the evidence in the case with your fellow

jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and

change your opinion, if you are convinced it is erroneous.   But do not surrender your honest

conviction as to the weight or effect of the evidence, solely because of the opinion of your

fellow jurors, or for the mere purpose of returning a verdict.   Remember at all times that you are

not partisans.   You are judges -- judges of facts.   Your sole interest is to seek the truth from the

evidence in the case.

E. J. Devitt and C. B. Blackmar,
Federal   Jury   Practice   and
Instructions,   (4th   ed.   1987)
Section 74.01.

A form of special verdict has been prepared for your convenience, in order to help

you arrive at a verdict in accordance with the instructions I have just given you. You will take

this form to the jury room. This form consists of a series of questions, which you must

answer. Your answer to each question must be unanimous, and you must answer the

questions in the order they are given to you.   Your foreperson will write the unanimous answer of the jury in the space provided beneath each question.   Unless you all agree on the answer to a particular question, you may not return an answer to that question.

<u>Wright</u>, §410 & 411.

You should now retire to the jury room, elect a foreperson and deliberate on your verdict.   When you have reached a unanimous verdict, then you should inform the marshal who will inform the Court.

THE DEFENDANT,
YALE UNIVERSITY

By _____
Patrick M. Noonan  (ct00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
203-458-9168
pnoonan@ddnctlaw.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was e-mailed on the above-written date, to:

John R. Williams, Esquire
jrw@johnrwilliams.com

_____
Patrick M. Noonan

13