UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:05 CV 01429 (AHN) |
| vs. | : | |
| YALE UNIVERSITY | : | |
| Defendant | : | SEPTEMBER 10, 2008 |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION IN LIMINE RE JOSEPH GORDON, SUSAN HOCKFIELD, AND PATRICIA PEARCE

The defendant hereby opposes the plaintiff's motion in limine to preclude testimony from Joseph Gordon, Susan Hockfield, Patricia Pearce, and any other evidence regarding the plaintiff's internal administrative appeals from her dismissal.

The plaintiff contends that the factual findings of the administrative board, i.e. the Provost's Committee on Student Grievances, and testimony from the members of that committee must be excluded. The plaintiff supports this argument by citing three cases that do not address the admissibility of evidence at trial. (Pl.'s Br. in Support of Mot. in Limine, at p. 2.) She cites <u>Waid v. Merrill Area Public School</u>, 130 F.3d 1268 (7th Cir. 1997), for the proposition that "it is not proper to admit evidence of administrative decisions relating to the underlying case, since such evidence is too likely to cause a jury to defer to the administrative holdings rather than deciding the case themselves as the law requires." (Pl.'s Br. in Support

of Mot. in Limine, at p. 2.) The court in Waid, however, did not address the admissibility of evidence concerning administrative decisions. Rather, the court addressed whether the district court erred when it refused to take judicial notice of the Equal Rights Division's twelfth finding of fact. Waid v. Merrill Area Public School, 130 F.3d 1268, 1271 (7th Cir. 1997). The defendant does not request that the court take judicial notice of the fact finding report prepared by Patricia Pearce or the report by the Provost's Committee on Student Grievances, but seeks to admit the two reports into evidence as well as testimony by Patricia Pearce and the members of the Provost's Committee. In fact, the Waid court ruled that the district court erred in prohibiting the parties from introducing evidence relating to the financial advantages of the defendant's hiring decision or Waid's disciplinary problems, which was the substance of the Equal Rights Division's twelfth finding of fact.

The plaintiff cites Henneberger v. County of Nassau, 465 F.Supp.2d 176 (E.D.N.Y. 2006) and Stacks v. Southwestern Bell Yellow Pages, 27 F.3d 1316, 1326 n. 3 (9th Cir. 1994), for the proposition that "it is not necessarily improper, however, to permit evidence of the *existence* of the administrative decision so long as the factual findings thereof are not admitted." (emphasis in original) (Pl.'s Br. in Support of Mot. in Limine, at p. 2.) The court in Henneberger was presented with a motion to dismiss and addressed its decision to consider certain documents outside the pleadings. Id. at 182, 184. The court took judicial notice of an arbitrator's decision, finding that "[a] court may take judicial notice of an opinion issued in a prior proceeding, but 'only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" Id. at 185. Similarly, in Stacks, the

2

defendant requested that the court take judicial notice of an arbitration decision. <u>Stacks v. Southwestern Bell Yellow Pages</u>, 27 F.3d 1316, 1326 n. 3 (9th Cir. 1994). Again, the defendants do not request that the court take judicial notice of the report prepared by Patricia Pearce or the report by the Provost's Committee on Student Grievances. In addition, whether a court can consider certain administrative decisions when ruling on a motion to dismiss is irrelevant to whether the reports prepared by Patricia Pearce and the Provost's Committee on Student Grievances are admissible at trial.

The three cases cited by the plaintiff do not support her argument that the defendant should be precluded from offering testimony from Joseph Gordon, Susan Hockfield and Patricia Pearce, as well as any other evidence, concerning the plaintiff's administrative appeals from her dismissal. Since the plaintiff has failed to offer any case law indicating that the report prepared by Patricia Pearce, the report by the Provost's Committee on Student Grievances, and testimony from Joseph Gordon, Susan Hockfield and Patricia Pearce is inadmissible at trial, the Court should deny the plaintiff's motion in limine.

                                                               THE DEFENDANT
                                                               YALE UNIVERSITY

                                                               By _____/s/_____
                                                                  Patrick M. Noonan (ct00189)
                                                                  Donahue, Durham & Noonan, P.C.
                                                                  741 Boston Post Road
                                                                  Guilford, CT 06437
                                                                  203-458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was e-mailed on the above-written date, to:

John R. Williams, Esquire
jrw@johnrwilliams.com

                                                              /s/
                                           Patrick M. Noonan