UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY GREENHOUSE | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:05 CV 01429 (AHN) |
| vs. | : | |
| YALE UNIVERSITY | : | |
| Defendant | : | SEPTEMBER 10, 2008 |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE

The defendant has moved to preclude the plaintiff from testifying about her opinion regarding her anticipated lifetime earnings had she graduated with a degree from the Yale University School of Drama ("School of Drama") on the ground that the testimony is speculative, and therefore will not provide the jury with a sufficient basis for calculating the plaintiff's damages. Furthermore, this plaintiff has insufficient expertise to offer an expert opinion on the subject, and has not listed an expert to testify on the subject. Therefore, the plaintiff should be precluded from testifying on the subject. This memorandum of law supports that motion.

I.   **Factual Background**

In her supplemental discovery responses dated June 2, 2008, the plaintiff stated that her economic damages included her anticipated earnings, which she estimates at $100,000

per year beginning within five years of the date she would have graduated. See, Pl.'s Supp. Responses to Def.'s Interog. and Req. for Prod., at pp. 2-3. The plaintiff has no economic expert. The plaintiff expects to prove her lifetime earnings through her own testimony based on her "extensive experience in theater." See, Pl.'s Supp. Responses to Def.'s Interog. and Req. for Prod., at p. 3. Since the lifetime earnings of the plaintiff based on the economic value of a School of Drama degree are speculative, the Court should grant the defendant's motion in limine.

## II.  Legal Argument

"Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty.... Thus, [t]he court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount." Valentin v. Community Remodeling Co., Inc., 90 Conn.App. 255, 260-61 (2005). See also, Landry v. Spitz, 102 Conn.App. 34, 51 (2007). The plaintiff's testimony regarding her subjective belief as to her lifetime earnings based on the economic value of a School of Drama degree is speculative. The plaintiff does not offer an objective calculation of her lifetime earnings, but simply states that had she graduated with a degree from the School of Drama, she would have earned $100,000 a year beginning at some point within five years of the time she would have graduated, and that this would have continued until her death. See, Pl.'s Supp. Responses to Def.'s Interog. and Req. for Prod., at pp. 2-3.

2

In Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48 (1998), the Supreme Court reversed the trial court's award of approximately $15.9 million in lost profits over a period of 12 years. The plaintiff was a start up company in the business of selling fitness equipment and franchises. Id. at 51. The principle issue on the appeal was the proper method for calculating damages for the destruction of a nascent business. Id. at 50. The court explained that damages for lost profits "are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty" and a plaintiff "cannot recover for 'the mere possibility' of making a profit." Id. at 69-70. "In order to recover lost profits, therefore, the plaintiff must present sufficiently accurate and complete evidence for the trier of fact to be able to estimate those profits with reasonable certainty." In determining whether the plaintiff had proved its lost profits to a reasonable certainty, the Supreme Court considered a number of factors, including the plaintiff's prior experience in the same business, the plaintiff's experience in the same enterprise subsequent to the interference, and the plaintiff's and third party experience in a similar business. Id. at 72-73. "The underlying requirement for each of these types of evidence is a substantial similarity between the facts forming the basis of the profit projections and the business opportunity that was destroyed." Id. at 74.

The plaintiff in the present case is similar to a start up company in that she was intending to embark on a new career. Prior to her admission to the School of Drama, the plaintiff engaged in performance art, where she was essentially a one-woman show. While at the School of Drama, the plaintiff aspired to become a director. Thus, the plaintiff's burden

of proving her damages, i.e. her lost earnings as a director with a degree from the School of Drama, is comparable to the burden of the plaintiff in Beverly Hills Concepts, Inc. Since the plaintiff cannot provide a sufficient basis for estimating the amount of her lost earnings with reasonable certainty, the plaintiff should be precluded from offering testimony regarding her opinion as to her lifetime earnings.

As illustrated by the plaintiff's inability to find employment, the field of theater is a competitive one and it is difficult to find employment. In addition, individuals are compensated at varying rates depending on many subjective variables. Thus, the plaintiff would not necessarily have earned a certain level of income, even if she had graduated with a degree from the School of Drama and then obtained employment.

Furthermore, the plaintiff has not disclosed an expert witness who will testify regarding the plaintiff's potential lifetime earnings, and the plaintiff has insufficient experience to offer expert testimony on the subject. Under Rule 701 of the Federal Rules of Evidence, a witness who is not testifying as an expert may offer opinions which are rationally based on the perception of the witness and are not based on scientific, technical, or other specialized knowledge. The Advisory Committee Notes explain that Rule 701 was amended in 2000

> to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

4

If the plaintiff testifies about her lifetime earnings, she will be offering expert testimony through a lay witness. The plaintiff has no training as an economist, has no experience working as a director, and has not reviewed Department of Labor or other statistics that would be used by an economic expert. The plaintiff only has experience in performance art, which is simply not comparable to a career as a director who graduated with a degree from the Yale University School of Drama. Thus, the plaintiff lacks the experience and knowledge required to provide a rational basis for her opinions as to her lifetime earnings and the testimony is not admissible under Rule 701. Calculating a future income stream in a new career requires specialized knowledge such that the testimony falls within the scope of Rule 702. Since the plaintiff has not been disclosed as an expert witness, she cannot offer expert testimony as to her lifetime earnings.

## III. Conclusion

The plaintiff's opinion regarding her future lifetime earnings is too speculative to provide a sufficient basis for an award of economic damages. In addition, the plaintiff lacks the expertise to testify on this subject. Finally, the plaintiff has not disclosed an expert on the subject. Therefore, the Court should grant the defendant's motion in limine and preclude the plaintiff from offering testimony on her anticipated lifetime earnings had she graduated with a degree from the Yale University School of Drama.

THE DEFENDANT,
YALE UNIVERSITY

By _____
Patrick M. Noonan (ct00189)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
203-458-9168
pnoonan@ddnctlaw.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was e-mailed on the above-written date,

to:

John R. Williams, Esq.
jrw@johnrwilliams.com

_____
Patrick M. Noonan