1

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

SALLY GREENHOUSE,             .   Case No. 3:05-CV-01429
                              .   (AHN)
            Plaintiff,        .
                              .   Bridgeport, Connecticut
     v.                       .   September 17, 2008
                              .
YALE UNIVERSITY,              .
                              .
            Defendant.        .
. . . . . . . . . . . . . . . .

                  CONTINUED JURY TRIAL
           BEFORE THE HONORABLE ALAN H. NEVAS
           SENIOR UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiff:      Law Offices
                        By: JOHN R. WILLIAMS, ESQ.
                        51 Elm Street
                        Suite 409
                        New Haven, Connecticut 06510

For the Defendant:      Donahue, Durham & Noonan
                        By: PATRICK M. NOONAN, ESQ.
                        Concept Park
                        741 Boston Post Road
                        Guilford, Connecticut 06437

Electronic Court
Recorder Operator:      MS. RITA PAYTON

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

_____

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

1        (Proceedings commenced at 10:03 a.m.)
2            THE COURT:  Mr. Noonan?
3            MR. NOONAN:  Your Honor, the parties have
4   reached an agreement, the terms of which will be
5   reduced to a writing, but the essential terms will be
6   that this case will be withdrawn with prejudice.
7            The plaintiff will sign a general release in
8   favor of Yale University and all of it's agents,
9   servants and employees.
10            Yale University will make a payment of
11   $10,000 for attorney's fees only, but nothing for
12   damages, and the agreement will recite that, and the
13   agreement will recite the fact that the payment of the
14   attorney's fees for the plaintiff, of $10,000, is not
15   an admission of liability.
16            THE COURT:  Mr. Williams?
17            MR. WILLIAMS:  That is our agreement, Your
18   Honor.
19            THE COURT:  Ms. Greenhouse, you've heard the
20   terms of the settlement, as set forth by Mr. Noonan.
21            Are you in agreement with those terms?
22            MS. GREENHOUSE:  Yes.
23            THE COURT:  Okay.
24            And, Mr. Noonan, I take it you've had
25   conversations with -- Well, I guess because you have an

1    institutional client, there's obviously no one here who
2    can --
3             MR. NOONAN:  Right.
4             I do have authority from the --
5             THE COURT:  But you have authority from the
6    general counsel?
7             MR. NOONAN:  General counsel, that's correct,
8    Your Honor.
9             THE COURT:  All right.
10            Then I will -- This case will -- Well, how do
11   you want to handle -- Do you want to -- Is it going to
12   be --
13            MR. NOONAN:  I guess we'll just file a
14   stipulation of dismissal.
15            THE COURT:  File -- I think you file --
16            MR. WILLIAMS:  Right.
17            I presume that the Yale general counsel wants
18   to draft the documents, Your Honor.
19            MR. NOONAN:  Yeah, we'll draft something and
20   get it over to you.
21            MR. WILLIAMS:  Yeah.  As soon as it's over to
22   me, we will sign off on it and I will file a
23   withdrawal.
24            THE COURT:  Okay.
25            I'm going to bring the jury out and tell

1  them.  They will, I'm sure, be very happy, and then --
2         MR. NOONAN:  And we don't insist on a
3  confidentiality clause, so I don't object to Your Honor
4  telling the jury about the terms.
5         THE COURT:  Oh.
6         MR. WILLIAMS:  I would rather that the Court
7  not tell the jury the terms.  I agree with the -- that
8  if Mr. Noonan's clients want to put it in the
9  newspaper, that's their right, just as it's our right,
10 but I would -- I think it's inappropriate to start
11 telling the jury the details of those kinds of things.
12        THE COURT:  Well, --
13        MR. NOONAN:  I think they'd like to know.
14        THE COURT:  -- it's my practice, Mr. Williams
15 and Mr. Noonan, that when a case concludes, whether
16 it's by verdict or otherwise, I always go in and meet
17 with the jury informally, in the jury room, just to
18 chat with them, and we do it to see that they've had a
19 good experience, and oftentimes they'll have questions,
20 but in the course of the discussion I would anticipate
21 that they're going to ask me what the settlement was,
22 and as long as Yale has no concerns, in terms of
23 confidentiality, I see no reason why I can't tell them.
24        MR. NOONAN:  We just made a public record of
25 it, so.

1     MR. WILLIAMS:  It bothers me, Your Honor,
2  quite frankly, because I think we don't know what
3  future course these folks may take, they --
4     THE COURT:  Well, the --
5     MR. WILLIAMS:  -- may be on other juries in
6  this courtroom and --
7     THE COURT:  Well, the -- except that in this
8  case, Mr. Noonan has indicated that they don't -- I
9  assume Yale making something publicly.  I don't know
10 what they're gonna do.
11    MR. WILLIAMS:  Well, that may be so, but that
12 -- it's unlikely that these folks will be exposed to
13 that.
14    I'm -- Yale has a First Amendment right, and
15 I respect that, that's fine, just as I'm sure that Yale
16 respects my client's First Amendment right, but I think
17 it's a different matter when you're dealing with people
18 who remain in the jury pool.
19    THE COURT:  Well, all right.  I will be
20 circumspect about it.
21    MR. WILLIAMS:  I appreciate that.  Thank you.
22    Okay.  All right.
23    You want to bring the jury?
24  (Jury in.)
25    THE COURT:  You can be seated, Ladies and

1   Gentlemen.
2           Well, I have some good news for you.  The
3   case is settled, so your service -- your services will
4   no longer be required, and I'm going to excuse you.
5           It's my practice, when a case finishes,
6   whether it's -- the jury renders a verdict or whether,
7   as in this case, there's a settlement, I come in and
8   just chat with you informally in there.  Some of you
9   may have some questions, and if I can answer those
10  questions, I'd be happy to do that.
11          So you're not under any obligation to stay,
12  but if you want to stay for a few minutes, I'll come in
13  and just chat with you informally.
14          So we thank you very much.  I know I speak
15  for the attorneys and for their clients.  We thank you
16  for your service.
17          As I always tell juries, jury service is one
18  of the most important -- next to voting, is one of the
19  most important duties and obligations of a citizen.  We
20  have a unique system of justice in this country, and it
21  can't function without the participation of people like
22  you, so we appreciate it.  We're grateful to you.
23          We know it creates inconveniences in your
24  daily lives, but it's an obligation of citizenship, so
25  we're grateful to you for that.

Case 3:05-cv-01429-AHN   Document 122   Filed 01/18/09   Page 7 of 8

7

```
 1              So with that, I'm gonna excuse you now, and
 2   you're free to leave or, if you want to wait a minute
 3   or two, I'll come in and chat with you.
 4              So thanks again.
 5         (Jury out.)
 6              THE COURT:  Okay.
 7              Anything else, Mr. Williams?
 8              MR. WILLIAMS:  No, Your Honor.  Thank you
 9   very much.
10              MR. NOONAN:  No, Your Honor.  Thank you.
11              THE COURT:  All right.
12              Thank you all.
13         (Proceedings concluded at 10:12 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/_____          December 8, 2008

STEPHEN C. BOWLES